**JEFFERSON COUNTY BANK & TRUST COMPANY, Plaintiff-Respondent,**

v.

**Louis Henry DENNIS, Defendant-Appellant.**

**No. 36103.**

Missouri Court of Appeals, St. Louis District, Division Three.

April 29, 1975.

Joe Bill Carter, John J. Allan, Clayton, for defendant-appellant.

Dearing, Richeson, Roberts & Wegmann, J. Richard Roberts, Hillsboro, for plaintiff-respondent.

McMILLIAN, Judge.

Defendant Louis Dennis, appeals from an order of the Circuit Court of Jefferson County, Missouri, sustaining plaintiff's motion granting a new trial.

The controversy arose when plaintiff filed a suit seeking to recover money damages on default of a promissory note in the face amount of $30,000 with an unpaid balance of $20,000. Defendant counterclaimed alleging fraudulent misrepresentation in the inducement of the contract. The jury found in favor of defendant and against plaintiff on plaintiff's claim and in favor of defendant and against plaintiff on his counterclaim, awarding him $10,000 actual damages and $6,000 punitive damages.

The court sustained plaintiff's motion for a new trial on all issues because of its error in giving three instructions which we

will detail later. Defendant has appealed.[1] For reasons hereinafter stated, we affirm.

Defendant's initial claim of error involves Instructions 5 (defendant's verdict director on its affirmative defense) and 6 (defendant's verdict director on its counterclaim for damages). Both instructions detail the making of three representations, their falsity, plaintiff's knowledge (through its agents) of their falsity, materiality of the representations to plaintiff's execution of the promissory note, defendant's reliance on the representations, his exercise of "ordinary care" in so doing and defendant's directly resulting damage.

The trial court granted plaintiff's motion for new trial on all issues because Instructions 5 and 6 failed to require the jury to find that plaintiff's agents made the false representations *intending that defendant rely upon them.* Defendant argues that this is not an essential element of actionable fraud and that, even if material, failure to instruct on the element did not prejudice plaintiff's case. We disagree on both grounds.

█ The essential elements of fraudulent misrepresentation include a finding that, ". . . the statement was made with intent that it should be relied upon by the person and in the manner reasonably contemplated . . . ." Yeager v. Wittels, 517 S.W.2d 457, 463 (Mo.App.1974).[2] The Missouri Approved Jury Instructions (M.A.I.) effective January 1, 1965, recognize as an essential element of fraud the intent that a party rely upon a false representation. M.A.I. No. 23.05. Outside of

failure to include "intent," defendant's Instructions 5 and 6 comply almost verbatim with M.A.I. 23.05.[3] We hold that the omission of such an element was error.

█ Our next task is to determine judicially the prejudicial effect of giving an applicable M.A.I. instruction. Rule 70.01 (c), V.A.M.R. All unneeded deviations from the straight and narrow path prescribed in M.A.I.—when there is an applicable M.A.I.—are presumed prejudicially erroneous unless it is made perfectly clear that no prejudice has resulted. Murphy v. Land, 420 S.W.2d 505, 507 (Mo. 1967); Royal Indemnity Co. v. Schneider, 485 S.W.2d 452, 458 (Mo.App.1972); Watterson v. Portas, 466 S.W.2d 129, 132 (Mo.App.1971).

█ Defendant failed to make it "perfectly clear" that plaintiff was not prejudiced by unnecessary deviation from M.A.I. Proof of plaintiff's agent's intent that Dennis rely on representations made prior to execution of the promissory note is an essential element both in defendant's defense to plaintiff's action to recover on the note (Instruction 5) and in defendant's counterclaim for damages (Instruction 6). A failure to establish this element is fatal to proving fraud. See John T. Brown, Inc. v. Weber Implement & Automobile Co., 260 S.W.2d 751, 755 (Mo.1953).

█ Fraud seldom is susceptible of proof by direct evidence. It often must be shown by circumstances surrounding the transaction from which fraud reasonably may be inferred. Salmon v. Brookshire, 301 S.W.2d 48, 53 (Mo.App.1957). But,

---

1. Defendant erroneously states as the reason for our jurisdiction the fact that the amount in controversy does not exceed $30,000 and cites § 477.040, RSMo 1969, V.A.M.S. This court's jurisdiction has been governed by Mo.Const. Art. V, § 3, V.A.M.S., since 1970.

2. This element has been stated in various ways. The usual characterization is " . . the speaker's intent that his statement should be acted upon . . . ." Ackmann v. Keeney-

Toelle Real Estate Company, 401 S.W.2d 483, 488 (Mo.banc 1966).

3. M.A.I. No. 23.05 calls for a party to add the "intent" element immediately after describing the allegedly false representations. Apparently defendant's counsel did not proofread the trial copies of his submitted instructions word for word against the applicable M.A.I. form. See Clemens, A Child's Guide to M.A.I., 28 J. of Mo.Bar 32, 52 (1972).

even assuming, without so deciding, that circumstantial evidence elicited at trial was sufficient to *warrant* a finding of intent that Dennis rely on false representations, the jury was not afforded the opportunity to make such a finding of fact. Nor is the evidence so clear that we may hold that as a matter of law that such intent existed. Therefore, we hold that this unnecessary violation of M.A.I. constitutes prejudicial error. The trial court correctly recognized this error in granting a new trial on all issues.

The trial court also ruled that Instruction 7 was erroneously given and was a material deviation from M.A.I. Since the problem may recur upon retrial, we will discuss the propriety of defendant's "agency" instruction.

Defendant patterned Instruction 7 after M.A.I. No. 13.06, which is entitled "Definition—Agency—Servant or Independent Contractor." In its motion for new trial, plaintiff convinced the trial court that M. A.I. 13.02 was the appropriate instruction.[4]

Although M.A.I. 13.02 is designed for use in a case of battery by an alleged agent, it is equally proper for use in a case involving ". . . other wrongful or tortious conduct of an agent . . . ." Tietjens v. General Motors Corp., 418 S.W.

2d 75, 88 (Mo.1967). Plaintiff's action in *Tietjens* was for damages for fraud by plaintiff's agent. A major issue was whether or not representations made by one Carter, who admittedly was defendant's employee, were made within the course and scope of Carter's employment.

On the other hand, M.A.I. No. 13.06, or a modification thereof, normally is given when it is contested whether a person is an independent contractor or a mere agent or servant. M.A.I. No. 13.06 should be used when such an issue exists. Price v. Seidler, 408 S.W.2d 815, 821 (Mo.1966). Also see Jokisch v. Life and Cas. Ins. Co. of Tenn., 424 S.W.2d 111, 113 (Mo.App. 1967); Barkley v. Mitchell, 411 S.W.2d 817, 821–822 (Mo.App.1967). We have discovered no appellate case in which M. A.I. No. 13.06 was given when the cause of action or the defense was based on fraudulent misrepresentation.

■ We believe that M.A.I. No. 13.02 is the appropriate instruction in the case at bar. In his pleadings, defendant alleges that he ". . . was induced to enter into said note by reason of the fraudulent misrepresentation of plaintiff, its officers, directors, agents ånd employees. . . ." At trial, there was no evidence of whether plaintiff's officers or directors were inde-

---

4. Instruction No. 7 reads as follows:
"Acts were within the 'scope and course of Agency' as that term is used in these instructions if:
1. They were performed by officers and directors to serve the interests of Jefferson County Bank and Trust Company according to an express or implied ageement (sic) with Jefferson County Bank and Trust Company, and
2. Jefferson County Bank and Trust Company either controlled or had the right to control the physical conduct of its officers and directors."
M.A.I. 13.06 has the following format:
"13.06 Definition—Agency—Servant or Independent Contractor
Acts were within the 'scope and course of agency' as that term is used in this [these] instruction[s] if:
"1. they were performed by (*name of alleged servant*) to serve the [business]

[interests] of (*name of alleged master*) according to an express or implied agreement with (*name of alleged master*), and
"2. (*name of alleged master*) either controlled or had the right to control the physical conduct of (*name of alleged servant*)."
M.A.I. 13.02 reads:
"13.02 Definition—Agency—Battery Committed by Servant
Acts were within the 'scope and course of employment' as that term is used in this [these] instruction[s] even though not specifically authorized by (*name of master*) if:
1. they were done by (*name of servant*) to further the [business] [interests] of (*name of master*) under the general authority and direction of (*name of master*), and
2. they naturally arose from the performance of (*employee's*) work."

pendent contractors or mere servants. Rather, the issue was whether one or more admitted officers or directors went beyond the scope of their authority. Therefore, we agree that defendant's Instruction No. 7 was a material deviation from M.A.I. No. 13.02, the only applicable instruction. By referring to plaintiff's "right to control the physical conduct of its officers and directors," defendant's Instruction 7 injects into the case a concept alien to the facts in question. Remembering our previous discussion concerning presumed prejudice, we believe that such a material deviation was prejudicial error. Rule 70.01(c).

Judgment affirmed.

SIMEONE, P. J., and GUNN, J., concur.