JOSHUA MILLS, Appellant, v. THOMAS H. TAYLOR, Respondent.

Kansas City Court of Appeals, June 11, 1900.

1. **Damages: SEDUCTION: ACTUAL AND PUNITORY.** In an action by a husband for the seduction and debauchment of his wife, a verdict for the plaintiff constitutes a basis for both actual and punitory damages.

2. ———: ACTUAL, PUNITORY AND NOMINAL: JURY'S DUTY. Many authorities hold that there must be actual damages to sustain punitory damages and the latter have been denied where the former are only nominal; but in this state nominal damages will sustain punitory. And where the jury find the issue for the plaintiff and assesses punitory damages they should at least assess some compensatory damages.

3. ———: TRIAL PRACTICE: INVITED ERROR: OBJECTION TO VERDICT. In an action for debauchery of plaintiff's wife the jury returned a verdict for plaintiff giving punitory but no actual damages. The plaintiff requested the court to instruct the jury to return a verdict for nominal actual damages which, on the objection of defendant, was denied and the verdict received as returned. Held, defendant having invited the error could not attack the verdict by motion to set same aside.

Appeal from the Moniteau Circuit Court.—*Hon. D. W. Shackleford*, Judge.

REVERSED AND REMANDED (*with directions*).

*Edmund Burke, C. D. Corum* and *John & J. W. Cosgrove* for appellant.

(1)   Actual and exemplary damages are recoverable in cases of this character.    Defendant's unlawful acts were coupled with malice and oppression and intentionally committed.    Franz v. Hilterbrand, 45 Mo. 121; Morgan v. Ross, 74 Mo. 318; Mohelsky v. Hartmeister 68 Mo. App. loc. cit. 322.    (2)   The manifest object of the statute, in requiring a separate assessment of exemplary damages, was to protect defendants from passionate verdicts; but in no sense can it be regarded as a limitation or a restriction upon the rightful remedies of plaintiff.    In the case at bar plaintiff's cause of action embraced a dual right, and defendant, by his invasion thereof incurred a double liability.    Ferguson v. Publishing Co., 72 Mo. App. 465.    The pleadings, evidence and instructions afford ample basis for the assessment of both kinds of damages.    (3)   The trial court erred in sustaining defendant's motion for a new trial on the grounds that the verdict against him was merely an award of one kind of damages when plaintiff was legally entitled to both kinds.    Defendant's contention was incongruous.    Alderman v. Cox, 74 Mo. 78; Courtney v. Blackwell, 150 Mo. 247; Chinn v. Davis, 21 Mo. App. 363.    (4)   The jury's failure to find that plaintiff had sustained actual or pecuniary damage does not vitiate the verdict.    Stevenson v. Belknap, 6 Ia. 100, loc. cit.; Favorite v. Cottrill, 62 Mo. App. 119; Jones v. Furnishing Co., 77 Mo. App. 474; Railroad v. Sellers, 93 Ala. 9; Wilson v. Vaughn, 23 Fed. Rep. 229; Pub. Co. v. Monroe,

Mills v. Taylor.

38 U. S. App. 418; s. c., 73 Fed. Rep. 196; Courtney v. Blackwell, 150 Mo. 277. Damages recoverable for an invasion of conjugal rights are exemplary rather than compensatory and not dependent upon actual loss. 8 Am. and Eng. Ency. of Law (2 Ed.), p. 266, and authorities cited in notes 5, 6 and 7.

*Hunter & Kraemer* and *W. S. Pope* for respondent.

(1) In its origin and development, exemplary damages is something incident to, and based upon some actual damages to the individual. The weight of authority in this country, is to the effect that even nominal actual damage is not a sufficient basis for the recovery of punitive damages. 1 Sedg. on Dam., sec. 361; 1 Sutherland on Dam. (2 Ed.), sec. 406, p. 875; Stacy v. Publishing Co., 63 Me. 287; Adams v. City of Salina, Kansas, 48 Pac. Rep. 918; Scheppell v. Norton, 38 Kan. 572; Jones v. Matthews, 12 S. W. Rep. (Tex.) 823; Girard v. Moore, 24 S. W. Rep. (Tex.) 652; Maxwell v. Kennedy, 50 Wis. 648, loc. cit.; Gilmore v. Matthews, 67 Me. 517; Meidel v. Anthis, 74 Ill. 241; Bank v. Grain Co., 55 Pac. Rep. 277. (2) Another line of decisions, perhaps equally able if not so numerous, holds that punitive damages may be recovered though the actual damages are only nominal. These hold the existence of some actual damages necessary to give plaintiff an actionable right or cause of action, on which to base punitive damages. Ferguson v. Pub. Co., 72 Mo. App. 462, loc. cit. 466; Favorite v. Cottrill, 62 Mo. App. 119, loc. cit. 122; Courtney v. Blackwell, 150 Mo. 277; Day v. Woodworth, 13 How. 371; Railroad v. Arms, 91 U. S. 493; Hefley v. Baker, 19 Kan. 9; Wilson v. Vaughn, 23 Fed. Rep. 229; Pub. Co. v. Monroe, 38 U. S. App. 418; 73 Fed. Rep. 196; Graham v. Fulford,

73 Ill. 597; Kuhn v. Railway, 74 Iowa, 140; Ganssley v. Perkins, 30 Mich. 493; Bank v. Grain Co., 55 Pac. Rep. 277; Carson v. Installment Co., 34 S. W. Rep. 764.

SMITH, P. J.—The petition in this case alleged that the defendant willfully, wrongfully and wantonly seduced and debauched the plaintiff's wife. The answer admitted the illicit intercourses, but denied the seduction and debauchment. The defense pleaded was that the defendant was induced by the importunities, banters and solicitations of the plaintiff's wife to have illicit intercourse with her, and that the plaintiff consented thereto. The replication put in issue the new matter pleaded by the answer.

The court, by a proper instruction for the plaintiff, submitted the issues, thus formulated by the pleadings, to a jury whose finding thereon was for the plaintiff, accompanied with an assessment of punitory damages in the sum of five hundred dollars; but no actual or compensatory damages were found. When the verdict was returned the plaintiff requested the court to give to the jury a further instruction, directing it to retire and correct its verdict by further finding for the plaintiff nominal actual damages. To this the defendant objected, and which objections were by the court sustained.

The verdict as returned was by the court received. The defendant thereupon filed a motion to set it aside on the ground that the jury having found for plaintiff no actual damages there could be no punitory damages found. This motion was sustained and an order entered setting aside the verdict; and the plaintiff has appealed.

It was established by the verdict of the jury that the defendant was guilty of both debauchment and seduction. This finding constituted a basis for the allowance by the jury of both actual and punitory damages. Hartman v. McCrary,

Mills v. Taylor.

59 Mo. App. 575; Mohelsky v. Hartmeister, 68 Mo. App. 318, and cases there cited.

There is quite an array of adjudications which declare that actual damage must be found as a predicate of punitory damages. Kiff v. Youmans, 86 N. Y. 324; Stacy v. Pub. Co., 68 Me. 287; Kuhn v. Railway, 74 Iowa 137; Scheppell v. Norton, 38 Kan. 567; Trawick v. Martin, etc., 79 Tex. 466; Maxwell v. Kennedy, 50 Wis. 648; Freese v. Tripp, 70 Ill. 499. And the latter have been denied where the former were only nominal. Barber v. Kelbourn, 16 Wis. 485.

But it has been twice held by one of the appellate courts of this state that nominal actual damages was a sufficient predicate for punitory damages. Ferguson v. Chronicle, 72 Mo. App. 462; Favorite v. Cottrill, 62 Mo. App. 119.

The best reasoned case that we have seen is that of Railway v. Sellers, 93 Ala. 9. In that case the court in disapproving the rule, sanctioned by the majority of the authorities already cited, that exemplary damages can not be awarded when the actual damages are only nominal, said that the true theory of punitory damages is that of punishment, involving the ideas of retribution for willful misconduct, and an example to deter from its repetition. "Many acts denounced as crimes by our statutes, or by common law, involve no pecuniary injury to the individual against whom they are directed, and which, while the party aggrieved could not recover damages, as compensation beyond a merely nominal sum, are yet punished in the criminal courts, and may also be punished in civil actions by the imposition of 'smart money;' and on the same principle, acts readily conceivable which involve malice, wilfullness, or wanton and reckless disregard of the rights of others, though not within the calendar of crimes, and inflicting no pecuniary loss or detriment measurable by a money standard on the individual, yet merit

such punishment as the civil courts may inflict by the imposition of exemplary damages."

But while the reasoning of the case just referred to greatly commends itself to our approving judgment as sound and unanswerable, yet, we do not think that in upholding the verdict in the present case we are required to entirely adopt it. The jury in finding the issues for plaintiff found that the defendant had wilfully, wrongfully and wantonly seduced and debauched the former's wife, and upon that finding was entitled to have actual damages in some amount assessed in his favor. The verdict established the fact that the plaintiff had sustained an injury for which the common law gives pecuniary reparation by way of damages. The law from such finding implies such damages, the amount thereof being a question for the jury to decide. The jury, after finding the issues for plaintiff, was bound at least to assess in his favor some compensatory damages. Courtney v. Blackwell, 150 Mo. loc. cit. 277. As that was implied by the law from the finding it should have been therein so expressed. The court, when so requested, should have given plaintiff's instruction, directing the jury to retire and correct its verdict so as to find for plaintiff nominal actual or compensatory damages. It seems to us that the action of the court in refusing to direct the jury to correct its verdict was clearly erroneous.

The defendant, by interposing his objections to the plaintiff's instruction directing the correction of the verdict by the jury, thereby invited the error of the court. After the court had refused to allow the correction of the verdict the defendant then assailed it, by his motion, on the ground that it was imperfect and defective—the imperfection and defect thus suggested having been instigated by him himself. The concession was implied that if the correction of

the verdict had been made it would not have been subject to assault. The fault of the court in refusing to allow the correction of the verdict was as well the fault of defendant; and though such verdict was somewhat irregular in form, still we can not think that under such conditions it should have been set aside on defendant's motion.

The order of the court setting aside the verdict is reversed with directions to the circuit court to enter judgment therein accordingly. *Ellison, J.,* concurs; *Gill, J.,* absent.