[No. 2470–3. Division Three. January 30, 1979.]

GARY E. ALMSTROM, *Appellant,* v. COMMUNITY PERSONAL GUIDANCE CENTER, ET AL, *Respondents.*

*Ford & Owens* and *R. Bruce Owens,* for appellant.

*Witherspoon, Kelly, Davenport & Toole* and *Robert H. Lamp,* for respondents.

MUNSON, J.—Plaintiff Gary E. Almstrom brought an action against the defendants based on criminal conversation for an act arising between an employee of defendant Community Personal Guidance Center and Almstrom's wife, who was an inpatient of the center. The trial court dismissed the action on the basis that there no longer exists such an action in the state of Washington. We reverse.

For the reasons expressed in *Wyman v. Wallace,* 91 Wn.2d 317, 588 P.2d 1133 (1979), reversing 15 Wn. App. 395, 549 P.2d 71 (1976), the Supreme Court held that alienation of affections is still a viable cause of action in the state of Washington. We hold the same basis applies to the common–law action of criminal conversation. Therefore, without unduly lengthening this opinion, we adopt the rationale set forth in *Wyman* and hold it is applicable to an action for criminal conversation.[1]

Judgment is reversed.

GREEN, C.J., and ROE, J., concur.

Reconsideration denied February 27, 1979.

---

[1]The Supreme Court, having held that the abolition of the tort of alienation of affections is a matter for the legislature, not the courts, we find *Bearbower v. Merry,* 266 N.W.2d 128 (Iowa 1978) and *Fadgen v. Lenkner,* 469 Pa. 272, 365 A.2d 147 (1976), to be unpersuasive.