[No. 10301-6-I. Division One. July 12, 1982.]

ROBERT J. IRWIN, *Appellant,* v. FRANK COLUCCIO,
ET AL, *Respondents.*

*Tretheway, Brink, Rossi, Todd & Clayton* and *Daniel Brink,* for appellant.

*Aiken, St. Louis & Siljeg, Robert C. St. Louis,* and *Douglas McQuaid,* for respondents.

RINGOLD, J.—The plaintiff Robert J. Irwin brought this action for damages against defendants Frank and Pat Coluccio and Margaret Irwin for criminal conversation and alienation of affections. Both causes of action were based on an alleged adulterous relationship which existed from late 1973 to June 1975 between Frank Coluccio and the plaintiff's former spouse. The trial court granted defendants'

motion to dismiss the plaintiff's complaint as to both causes of action for failure to state a claim upon which relief could be granted. The plaintiff appeals the order of dismissal. We conclude that the tort of criminal conversation, like the cause of action for alienation of affections, is not a viable cause of action in the state of Washington. Accordingly, we affirm the trial court's judgment of dismissal.

This action was commenced in August 1975. In April 1976 this court issued its decision in *Wyman v. Wallace*, 15 Wn. App. 395, 549 P.2d 71 (1976), abolishing the common law action for alienation of affections of a spouse. By agreement of counsel, further proceedings herein were deferred following that decision and awaiting an appeal to the State Supreme Court. In 1979 the Supreme Court, in a 5-to-4 decision, reversed this court and reinstated the cause of action for alienation of affections. *Wyman v. Wallace*, 91 Wn.2d 317, 588 P.2d 1133 (1979) (*Wyman* I).

This case was then set for a jury trial to commence in October 1980. In July 1980, however, having reconsidered its opinion, the Supreme Court, again in a 5-to-4 decision, reversed *Wyman* I and reinstated the Court of Appeals decision. *Wyman v. Wallace*, 94 Wn.2d 99, 615 P.2d 452 (1980) (*Wyman* II).

Thereafter, the defendants filed the motion for summary judgment of dismissal. On October 10, 1980, the trial judge granted the defendants' motion dismissing both causes of action based upon the Supreme Court's decision in *Wyman* II.

The defendants concede that the plaintiff's complaint sets out sufficient allegations to constitute what would be both a cause of action for alienation of affections and for criminal conversation if those torts still exist in the state of Washington.

First Irwin urges this court to reconsider the decision in *Wyman* II and reinstate an action for alienation of affections. The doctrine of stare decisis precludes our consideration of the viability of an action for alienation of

affections. *State ex rel. Yates–Am. Mach. Co. v. Superior Court,* 147 Wash. 294, 266 P. 134 (1928).

Irwin next argues that since the Supreme Court in *Wyman* II did not specifically abolish the common law tort of criminal conversation, it is a separate and distinct tort from alienation of affections that should be retained as part of the common law of this state. Irwin thus contends that it is for the Legislature and not for the judiciary to abolish the tort of criminal conversation.

█ Both the tort of alienation of affections and the tort of criminal conversation originated in the common law. It is generally recognized that when a rule of law has had its origins in the common law and is therefore a creation of the courts, the courts may change or modify such rule. *Wyman* II; *Freehe v. Freehe,* 81 Wn.2d 183, 500 P.2d 771 (1972). Irwin then contends that the court should decline to exercise this power in the present case because the cause of action for criminal conversation stands on a different footing than an action for alienation of affections. He argues that alienation of affections is interference only with a person's mental state while criminal conversation protects a property right of the husband. *Lankford v. Tombari,* 35 Wn.2d 412, 213 P.2d 627, 19 A.L.R.2d 462 (1950).

As pointed out in W. Prosser, *Torts* § 124, at 876–77 (4th ed. 1971):

> Criminal conversation . . . and alienation of affections still are often treated as separate torts, but there is no good reason for distinguishing them. They [both] represent . . . forms of interference with aspects of the same relational interest, and . . . may be present in the same case.

(Footnote omitted.) Prosser comments on the basis of criminal conversation from 8 W. Holdsworth, *History of English Law* 430 (2d ed. 1937), and states that "it was considered that she [the wife] was no more capable of giving a consent which would prejudice the husband's interests than was his horse." W. Prosser, *Torts* § 124, at 875 (4th ed. 1971). This conception of rights protected by the tort of

criminal conversation is highlighted by Blackstone:

> *Adultery,* or criminal conversation with a man's wife, though it is, as a public crime, left by our laws to the coercion of the spiritual courts; yet, considered as a civil injury (and surely there can be no greater), the law gives a satisfaction to the husband for it by action of trespass *vi et armis* against the adulterer, wherein the damages recovered are usually very large and exemplary."

*Tinker v. Colwell,* 193 U.S. 473, 481–82, 48 L. Ed. 754, 758, 24 S. Ct. 505, 507 (1904), quoting 3 W. Blackstone, *Commentaries* 139 (1768).

This leads us to consider the rationale underlying the tort of criminal conversation, well expressed in *Tinker* at page 481:

> We think the authorities show the husband has certain personal and exclusive rights with regard to the person of his wife which are interfered with and invaded by criminal conversation with her; that such an act on the part of another man constitutes an assault even when, as is almost universally the case as proved, the wife in fact consents to the act, because the wife is in law incapable of giving any consent to affect the husband's rights as against the wrongdoer, and that an assault of this nature may properly be described as an injury to the personal rights and property of the husband, which is both malicious and willful. A judgment upon such a cause of action is not released by the defendant's discharge in bankruptcy.
>
> The assault *vi et armis* is a fiction of the law, assumed at first, in early times, to give jurisdiction of the cause of action as a trespass, to the courts, which then proceeded to permit the recovery of damages by the husband for his wounded feelings and honor, the defilement of the marriage bed, and for the doubt thrown upon the legitimacy of children.

The court in *Lankford* at page 418 characterized the tort as follows: "the gist of criminal conversation is adultery, which defiles the husband's interest in his marital prerogatives and beclouds the legitimacy of his children to his personal detriment." Thus, as argued by Irwin, criminal conversation was regarded as an invasion of a husband's

property right in the body and services of his wife, an exclusive right reserved to him for his personal enjoyment.

■ This medieval rationale for the viability of the tort of criminal conversation offers the very reason the tort should be abolished. Such concepts as a husband's property right in the body of his wife offend the right of every woman to be treated as an equal member of society. *See* Const. art. 31, § 1 (amend. 61). Over the years there has been a gradual shift of emphasis away from the concepts of services and property rights towards a recognition of the more intangible elements of the marital relationship such as companionship and affection. W. Prosser, *Torts* § 124, at 873 (4th ed. 1971).

The cause of action for criminal conversation has been abolished by a majority of the states. California, Colorado, Connecticut, Delaware, Florida, Indiana, Michigan, New Jersey, New York, Oregon, Vermont, Virginia, Wisconsin and Wyoming have all abolished the doctrine of criminal conversation by statute. Cal. Civ. Code § 43.5 (West 1954); Colo. Rev. Stat. § 13–20–202 (1973); Conn. Gen. Stat. §§ 52–572b to 52–572f (1977); Del. Code Ann. tit. 10, § 3924 (1975); Fla. Stat. Ann. § 771.01 (West 1976); Ind. Code Ann. § 34–4–4–1 (Burns Supp. 1977); Mich. Comp. Laws § 27A.2901 (1967); N.J. Stat. Ann. § 2A:23–1 (West 1952); N.Y. Civ. Rights Law § 80–a (McKinney 1976); Or. Rev. Stat. §§ 30.840, 30.850 (1977); Vt. Stat. Ann. tit. 15, § 1001 (Supp. 1977); Va. Code § 8.01–220 (1977); Wis. Stat. Ann. § 248.01 (West Supp. 1977–78); Wyo. Stat. Ann. § 1–23–101 (1959).

The Supreme Courts of Iowa, Pennsylvania and South Dakota and the Court of Appeals of Maryland have eliminated actions for criminal conversation in their respective states. *Hunt v. Hunt,* 309 N.W.2d 818 (S.D. 1981); *Kline v. Ansell,* 287 Md. 585, 414 A.2d 929 (1980); *Bearbower v. Merry,* 266 N.W.2d 128 (Iowa 1978); *Fadgen v. Lenkner,* 469 Pa. 272, 365 A.2d 147 (1976).

In accord with these authorities, we believe that criminal conversation as a viable legal remedy is an outmoded, archaic holdover from an era when a wife was considered the chattel of her spouse rather than a distinct legal entity. Neither wives nor husbands are property. The love and affection of a human being who is devoted to another human being is not susceptible to theft. There are simply too many intangibles which defy the concept that love is property. The Supreme Court in *Wyman* II at page 105 adopted the following reasoning from the Court of Appeals decision in *Wyman v. Wallace, supra,* when it abolished alienation of affections:

> (1) The underlying assumption of preserving marital harmony is erroneous; (2) The judicial process is not sufficiently capable of policing the often vicious out-of-court settlements; (3) The opportunity for blackmail is great since the mere bringing of an action could ruin a defendant's reputation; (4) There are no helpful standards for assessing damages; and (5) The successful plaintiff succeeds in compelling what appears to be a forced sale of the spouse's affections. We agree that these considerations are valid and call for the abolition of the action for alienation of a spouse's affections.

We are of the opinion that these considerations are also applicable to the tort of criminal conversation. For the foregoing reasons we see no useful purpose in permitting actions for criminal conversation to exist and therefore hold that such actions are abolished.

When the Supreme Court in *Wyman* I reversed this division's opinion in *Wyman,* Division Three in *Almstrom v. Community Personal Guidance Ctr.,* 22 Wn. App. 534, 590 P.2d 370 (1979), held that the action of criminal conversation is viable to the same extent as the tort of alienation of affections. It is evident that had the *Almstrom* court had the benefit of *Wyman* II it would have ruled contrary to its holding. We therefore hold that *Almstrom v. Community Personal Guidance Ctr., supra,* is overruled.

516

Affirmed.

DURHAM, A.C.J., and CALLOW, J., concur.

Reconsideration denied September 9, 1982.

Review denied by Supreme Court December 17, 1982.