Gene Robert **FREDERIC,**
**Jr., Respondent,**

v.

Sean **O'KEEFE, Appellant.**

No. 59732.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 17, 1991.

Cornelius T. Lane, Jr., St. Louis, for appellant.

James E. Godfrey, Jr., St. Louis, for respondent.

CRIST, Judge.

Appellant (Defendant) appeals the jury judgments in favor of Plaintiff (Husband). Husband was awarded $1.00 for alienation of affections, $50,000.00 in punitive damages for alienation of affections, and $1.00 for criminal conversation. We affirm in part and reverse and remand in part.

Husband and Wife were married in July 1981. In January 1987, Wife met Defendant while on a trip to Chicago. Wife and Defendant thereafter communicated frequently, both by letter and by telephone. In these letters, Defendant urged Wife to proceed with her stated intent of divorcing Husband.

Husband and Wife separated in March 1987, and their divorce became final in July 1987. Husband filed suit against Defendant for Alienation of Affections and Criminal Conversation in July 1987.

In his first point on appeal, Defendant contends the judgment against him for alienation of affections should be reversed because of instructional error. Defendant contends he was prejudiced by the failure to instruct the jury that any wrongful conduct had to be done intentionally. The instruction to which Defendant objects was as follows:

> Your verdict must be for Plaintiff Gene Robert Frederic, Jr. on Count I if you believe:
>
> First, a marriage relationship existed between Plaintiff Gene Robert Frederic, Jr. and Karen Kitts Frederic, which Defendant Sean O'Keefe induced and influenced Plaintiff's wife to leave and abandon, and
>
> Second, Defendant Sean O'Keefe caused Karen Kitts Frederic to leave and abandon her marriage with Gene Robert Frederic, Jr., and
>
> Third, Defendant Sean O'Keefe did so and without justification or excuse, and
>
> Fourth, Plaintiff Gene Robert Frederic, Jr. was thereby damaged.

Defendant argues the third paragraph of the instruction should have read: "Third, Defendant Sean O'Keefe did so intentionally and without justification or excuse."

Defendant's contention that the omission of the word "intentionally" rendered the instruction erroneous is correct. In *Gibson v. Frowein*, 400 S.W.2d 418 (Mo. banc 1966), the Missouri Supreme Court listed the elements of the cause of action of alienation of affections as:

> [D]efendant's wrongful conduct, plaintiff's loss of the affections or consortium of his spouse, and the causal connection between such conduct of defendant and the loss of plaintiff.

*Id.* at 421[3–5]. The Court further stated that although plaintiff does not have to prove that defendant had an actual intent to alienate the plaintiff's spouse's affections, "the acts constituting the wrongful conduct on the part of the defendant must have been intentional." *Id.*

A not-in-MAI instruction authorizing a verdict must require a jury to find all the ultimate facts necessary to sustain the verdict except those which both parties have unmistakenly conceded. *Young v. Kansas City Power and Light Co.*, 773

S.W.2d 120, 125[3, 4] (Mo.App.1989). While the *Gibson* court did not specifically include the word "intentional" in its list of elements of the tort of alienation of affections, it clearly stated that the conduct must be intentional. This intent is an ultimate fact necessary to sustain a verdict for the intentional tort of alienation of affections. We conclude that Defendant was prejudiced by this omission. The jury in this case was not given the opportunity to make a finding that this intent existed. *See Jefferson County Bank & Trust Co. v. Dennis,* 523 S.W.2d 165, 168[5] (Mo.App. 1975).

Because we reverse the jury's judgment against Defendant for alienation of affections, we also reverse the award for punitive damages on that claim. There can be no award for punitive damages without an award for actual damages. *McCall v. Jim Lynch Cadillac, Inc.,* 791 S.W.2d 456, 459 (Mo.App.1990).

Defendant contends the criminal conversation judgment should also be reversed because Plaintiff failed to make a submissible case at trial. Defendant argues Plaintiff failed to establish that sexual intercourse took place between Defendant and Wife while Plaintiff and Wife were still married.

Despite Defendant's assertions, Plaintiff submitted enough evidence to support the judgment. The evidence included: a letter from Defendant to Wife that he enjoyed waking up with Wife in his arms, testimony that Wife had terminated her sexual relations with Plaintiff, and a letter from Wife to Defendant that stated that she was relieved to have her period. The submission of this issue to the jury was not erroneous.

We affirm the judgment on the criminal conversation count. We reverse and remand for a new trial the judgment and the punitive damages award for alienation of affections.

PUDLOWSKI, P.J., and STEPHAN, J., concur.