James L. THOMAS, Respondent,

v.

Jawed SIDDIQUI, Appellant.

No. 75837.

Supreme Court of Missouri,
En Banc.

Jan. 25, 1994.

Timothy J. Gallagher, St. Louis, for appellant.

James L. Thomas, Waynesville, for respondent.

BENTON, Judge.

On June 12, 1990, James L. Thomas sued Jawed H. Siddiqui, alleging criminal conversation and alienation of affection. The trial court directed a plaintiff's verdict on the claim of criminal conversation; the jury then assessed $1 in actual damages and $50,000 in punitive damages. The circuit judge later granted a judgment notwithstanding the ver-

dict, finding punitive damages not submissible. A defendant's verdict was returned on alienation of affection.

Both parties initially appealed. This Court granted transfer prior to the court of appeals' opinion. *Rule 83.06.* This Court later dismissed Thomas' appeal for procedural reasons, thus leaving stand the defendant's judgment on alienation of affection and the court's nullification of punitive damages for criminal conversation. This Court now reverses the judgment on actual damages and the underlying cause of action.

In the last two decades, state courts across America, citing myriad reasons, have been abolishing the common law tort of criminal conversation. *Neal v. Neal,* 1993 WL 228394 (Idaho App.1993); *Hoye v. Hoye,* 824 S.W.2d 422 (Ky.1992); *Saunders v. Alford,* 607 So.2d 1214 (Miss.1992); *Norton v. MacFarlane,* 818 P.2d 8 (Ut.1991); *Feldman v. Feldman,* 125 N.H. 102, 480 A.2d 34 (1984); *Irwin v. Coluccio,* 32 Wash.App. 510, 648 P.2d 458 (1982); *Hunt v. Hunt,* 309 N.W.2d 818 (S.D. 1981); *Kline v. Ansell,* 287 Md. 585, 414 A.2d 929 (1980); *Bearbower v. Merry,* 266 N.W.2d 128 (Iowa 1978); *Fadgen v. Lenkner,* 469 Pa. 272, 365 A.2d 147 (1976); *W. Page Keeton et al., Prosser and Keeton on the Law of Torts* § 124, at 929–30 (5th ed. 1984). *Contra Vacek v. Ames,* 221 Neb. 333, 377 N.W.2d 86 (1985).

Missouri courts have long recognized the tort of criminal conversation. *Comte v. Blessing,* 381 S.W.2d 780 (Mo.1964); *Sandler v. Schmidt,* 263 S.W.2d 35 (Mo.1953), *rev'd on other grounds, Gibson v. Frowein,* 400 S.W.2d 418, 422 (Mo. banc 1966); *Allison v. Mildred,* 245 S.W.2d 86 (Mo.1952); *Lewellen v. Haynie,* 287 S.W. 634 (Mo.1926); *Frederic v. O'Keefe,* 820 S.W.2d 107 (Mo.App.1991); *Reiter v. Reiter,* 804 S.W.2d 797 (Mo.App. 1990); *Muchisky v. Kornegay,* 741 S.W.2d 43 (Mo.App.1987); *Bogart v. Jack,* 727 S.W.2d 447 (Mo.App.1987); *Smith v. Whalen,* 613 S.W.2d 868 (Mo.App.1981); *Reynolds v. Jobes,* 565 S.W.2d 690 (Mo.App.1978); *Moranz v. Schiller,* 525 S.W.2d 785 (Mo.App. 1975); *Lewellen v. Haynie,* 25 S.W.2d 499 (Mo.App.1930); *Scheffler v. Robinson,* 159 Mo.App. 527, 141 S.W. 485 (1911); *Mills v. Taylor,* 85 Mo.App. 111 (Mo.App.1900). To recover under criminal conversation, the plaintiff must prove two elements: 1) an actual marriage; and 2) that the defendant had sexual intercourse with the plaintiff's spouse. *Lewellen,* 287 S.W. at 638; *Smith,* 613 S.W.2d at 870. The only defense to such an action is consent or connivance by the *plaintiff* spouse. *See, e.g., Comte,* 381 S.W.2d at 788.

Citing two statutes, Thomas contends that criminal conversation is a statutorily-approved cause of action. Section 510.263.5 RSMo Supp.1987 lists eight causes of action—including criminal conversation—where a court is not required to credit a defendant for advance payment of punitive damages. Section 516.140 RSMo 1986 provides a two-year statute of limitations for nine causes of action, including criminal conversation. Contrary to Thomas' argument, these statutes do not make criminal conversation a statutory tort. These statutes merely acknowledge the existence of a *common law* action for criminal conversation. *See Hunt,* 309 N.W.2d at 820. Criminal conversation has always been a common law tort in Missouri. *Bogart,* 727 S.W.2d at 450.

This Court has the authority to abolish common law torts. *Townsend v. Townsend,* 708 S.W.2d 646, 649–50 (Mo. banc 1986). "With the disappearance of the reason the thing disappears; when the reason for a rule of law fails, the rule fails." *State ex inf. Norman v. Ellis,* 325 Mo. 154, 28 S.W.2d 363, 369 (1930).

A possible reason for the tort of criminal conversation is to compensate the plaintiff for injuries caused by the adulterous defendant. *Tinker v. Colwell,* 193 U.S. 473, 481, 24 S.Ct. 505, 506–07, 48 L.Ed. 754 (1904). However, another remedy exists to compensate the plaintiff spouse: Conduct during the marriage—including adultery—is a factor that a court considers in dividing marital property after dissolution. *Section 452.330.-1(4) RSMo Supp.1988; D.K.L. v. L.C.L.,* 764 S.W.2d 664, 667 (Mo.App.1988). Also, the tort of alienation of affection—governed by a different set of legal rules—has traditionally provided the plaintiff spouse with a possibility of compensation. *Gibson,* 400 S.W.2d at

421; *Frederic,* 820 S.W.2d at 108; *Reynolds,* 565 S.W.2d at 697–98.

Another purpose of criminal conversation might be to punish and deter the defendant. *Mills,* 85 Mo.App. at 115, 270 S.W.2d 724. From the earliest days of statehood, Missouri punished adultery as a crime. *See, e.g., Crimes and Misdemeanors, § 77, Laws of Missouri 1825; Section 563.150 RSMo 1969 (repealed).* Criminal conversation is the civil counterpart to the criminal offense of adultery. *Karchner v. Mumie,* 398 Pa. 13, 156 A.2d 537, 538 (1959). In Missouri, the General Assembly repealed the crime of adultery in 1979. *Laws Mo.1977, S.B. No. 60, p. 662.* Decriminalizing the act constituting criminal conversation evidenced society's intent no longer to punish adultery. *See Hunt,* 309 N.W.2d at 822; *Bearbower,* 266 N.W.2d at 135; *Fadgen,* 365 A.2d at 151 n. 7.

Thomas contends that abolishing the tort of criminal conversation encourages adultery. To the extent that laws can discourage adultery, there are other disincentives. Adultery—along with a belief that it is intolerable to live with the adulterous spouse—is a ground for dissolution. *Section 452.320.2 RSMo 1986.* As noted, adultery may result in a smaller split of property after a dissolution. *Section 452.330.1(4) RSMo Supp.1988; D.K.L.,* 764 S.W.2d at 667. Finally, adultery can bar a spouse from certain inheritance rights. *Section 474.140 RSMo 1986.*

This Court now abolishes the tort of criminal conversation in Missouri and reverses the judgment as to criminal conversation.

This case is remanded for proceedings consistent with this opinion.

HOLSTEIN, THOMAS and LIMBAUGH, JJ., concur.

PRICE, J., concurs in separate opinion filed.

COVINGTON, C.J., concurs in opinion of PRICE, J.

ROBERTSON, J., dissents in separate opinion filed.

PRICE, Judge, concurring.

I concur with the decision of the majority, excepting only the reference to the tort of alienation of affection. The reference implies our continued recognition of such a cause of action.

Many of the reasons that support abolishing the tort of criminal conversation also apply to alienation of affection. Hopefully, the idea of having a "property right" in another person is long since passed. While I agree that we should attempt to protect marriage and the family unit, I doubt that lawsuits for money serve that goal. More often than not such suits will only continue the pain and abuse the parties have already suffered.

Without the issue being raised, briefed, and before us, I believe it is poor jurisprudence to anticipate whether such a tort should continue in existence, or in what form it should continue.

ROBERTSON, Judge, dissenting.

I respectfully dissent.

Under the laws of Missouri, marriage is a "civil contract." § 451.010, RSMo 1986. The relationship that results from the entry of two persons into such a contract is one that the state seeks to foster and preserve where possible because of the societal stability marriage lends. *See Hesington v. Estate of Hesington,* 640 S.W.2d 824, 826 (Mo.App. 1982). Thus, the state permits dissolution of the marriage contract without reference to fault only where one of the parties to the marriage believes that "there remains no reasonable likelihood that the marriage can be preserved and therefore the marriage is irretrievably broken." § 452.305, RSMo 1986.

Criminal conversation and alienation of affection are species of the tort genus interference with contract. To a degree not present in most other torts, however, criminal conversation and alienation of affection actions speak to the core moral concerns society wishes to claim for itself and foster in its members. *One* of the original foundations for these actions lay in a husband's property rights in his wife. We no longer recognize

that justification, nor should we. It does not follow, however, that no rationale for the causes of action exists.

Some apologists for the tort system argue that tort laws exist to provide incentives to channel human activity toward society's valued behaviors. "[O]ne primary purpose of legal systems is to modify human behavior, to induce at least some people to act in ways that they would not choose but for the pressure of legal incentives or disincentives." Charles J. Goetz, Law and Economics, 1 (1984). Though the efficacy of the sanction is subject to debate, criminal conversation and alienation of affection actions provide some economic incentive designed to channel human behavior toward preserving the sanctity of marriage.

In this case, the majority chooses to exercise its common law authority to abolish one of the common law's incentives focused on the marriage contract. Courts have long claimed the ability to adjust the common law's incentives and disincentives as the times require and, in that claim, have asserted prescience as to the requirements of the times. That the Court has that authority is beyond serious debate. For me, the more serious question in this case is not whether the Court can exercise that authority, but whether it should.

Our constitution separates the powers of government, leaving it to the political branches to assess the direction in which the popular moral compass points. By constitutional design, we judges are insulated from the ebb and flow of popular tides, responsive instead to the neutral dictates of the law. The people have no frequently exercisable power to remove us if they disagree with us; the voters are limited to expressions of satisfaction or dissatisfaction concerning us, and then only once every twelve years; no candidate runs against us, offering the voters competing policy choices to those we impose through our opinions. To presume that a majority of the members of this Court feels the pulse of the people and can speak for them on issues of morals and values is a nearly irresistible temptation. To succumb to that temptation, however, is to assume more than we have a right to assume either constitutionally or personally.

The decision to abolish either cause of action seems to me profoundly of the sort we generally leave to the political branches. Indeed, of the thirty-six states that have abolished criminal conversation, twenty-seven have done so by legislative decision.[1] Of the nine courts that have exercised their common law authority to abolish criminal conversation, four[2] relied on prior legislative or judi-

---

1. Alabama, Ala.Code § 6–5–331 (1940) (abolishing both the torts of alienation of affections and criminal conversation [hereafter, "both"]); Arkansas, Ark.Code Ann. § 16–118–105 (1987) (abolishing both); California, Cal.Civil Code § 43.5 (West 1994) (abolishing both); Colorado, Colo.Rev.State. §§ 13–20–201, 202 (declaring it a matter of legislative determination that the torts of alienation of affection and criminal conversation be abolished); Connecticut, Conn.Gen.State. Ann. § 52–572f (West 1993) (declaring that no action may be brought for criminal conversation); Delaware, Del.Code. Ann. tit. 10, § 3924 (1993) (abolishing both); Florida, Fla.Stat.Ann. § 771.01 (West 1993) (abolishing both); Georgia, Ga.Code Ann. § 51–1–17 (1993) (abolishing both); Indiana, In.Code Ann. § 34–4–4–1 (1993) (abolishing both); Massachusetts, Mass.Gen. Laws Ann. ch. 207, § 478 (West 1993) (abolishing both); Michigan, Mich.Comp.Laws Ann. § 600–2901 (West 1993) (abolishing both); Minnesota, Minn.Stat.Ann. § 553.02 (West 1993) (abolishing both); Nebraska, Neb.Rev.Stat. § 25–21,188 (1986) (abolishing both); Nevada, Nev. Rev.Stat.Ann. § 41.380 (Michie 1993) (abolishing both); New Jersey, N.J.Rev.Stat. § 2A:23–1

(1993) (abolishing both); New York, N.Y.Civ. Rights Law § 80–a (McKinney 1993) (abolishing both); North Dakota, N.D.Cent.Code § 14–02–06 (Michie 1993) (abolishing both); Ohio, Ohio Rev. Code Ann. § 2305.29 (Anderson 1993) (abolishing both); Oregon, Or.Rev.Stat. § 30.850 (1992) (abolishing only criminal conversation); Rhode Island, R.I.Gen.Laws § 9–1–42 (1993) (abolishing both); South Carolina, S.C.Code Ann. § 15–3–150 (Law.Co-op.1993) (abolishing only criminal conversation); Tennessee, Tenn.Code.Ann. § 39–13–508 (1993) (abolishing criminal conversation and seduction but not mentioning alienation of affections); Texas, Tex.Fam.Code Ann. § 4.05 (1993) (abolishing criminal conversation only); Vermont, Vt.Stat.Ann. tit. 15, § 1001, (1992) (abolishing both); Virginia, Va.Code Ann. § 8.01–220 (Michie 1993) (abolishing both); Wisconsin, Wis.Stat. § 768.01 (1993) (abolishing both); Wyoming; Wyo.Stat. § 1–23–101 (1993) (abolishing both).

2. *Feldman v. Feldman*, 125 N.H. 102, 480 A.2d 34 (1984) (court abolished criminal conversation after legislature abolished alienation of affections); *Irwin v. Coluccio*, 32 Wash.App. 510, 648

cial decisions abolishing alienation of affection actions.[3] Of the remaining five, Kentucky abolished both criminal conversation and alienation of affection actions in a single judicial decision. *Hoye v. Hoye,* 824 S.W.2d 422 (Ky.1992). This record hardly seems a national groundswell for judicial intervention in this area.

To be fair, this case is limited to criminal conversation. Whether alienation of affection actions remain viable in Missouri is not an issue before the Court today. The experience in other states, and the separate opinion of Judge Price, leaves that question very much an open one, despite the majority's dicta. Nevertheless, the policy of Missouri's laws says unequivocally that the marriage contract is of a special status, far more important and worthy of protection than a contract for the sale of widgets or for the acquisition of a business opportunity. And yet, if alienation of affections does not survive as a cause of action ultimately, Missouri will continue to recognize a common law tort for the intentional interference with economically driven contractual relationships, while abolishing a cause of action for interference with a relationship the success of which is a major determinant of the strength of our social fabric.

The Court takes a major step today, addressing an important question in the piecemeal fashion that is the hallmark of the common law's movement. The Court may well be correct in the conclusion it reaches as to criminal conversation. Were I a member of the General Assembly, I would readily vote in support of a bill that abolishes criminal conversation and would hope that such a bill would also address the broader societal concerns this issue raises. But as a member of the General Assembly, I would be far more pleased if this Court would do the deed for me, shielding me from the disfavor of constituents who do not agree with me on this issue.

For the reasons expressed, I respectfully dissent from the Court's holding. Despite our common law power, I believe the Court would be better served were we to exercise our discretion in favor of a political solution to this question.

P.2d 458 (1982); (court had earlier abolished alienation of affections, so it excised criminal conversation); *Kline v. Ansell,* 287 Md. 585, 414 A.2d 929 (1980) (criminal conversation abolished as violative of the state Equal Rights Amendment); *Neal v. Neal,* 1993 WL 228394 (Idaho App.) (Idaho Supreme Court's prior abolition of the tort of alienation of affections grounds for abolishing criminal conversation).

**3.** Thirty-three states have abolished alienation of affection by legislative act. Alabama, Ala.Code § 6–5–331 (1940); Arizona, Ariz.Rev.Stat.Ann. § 26–341 (1993); Arkansas, Ark.Code Ann. § 16–118–105 (1987); California, Cal.Civil Code § 43.5 (West 1994); Colorado, Colo.Rev.State. §§ 13–20–201, 202; Connecticut, Conn.Gen. State.Ann. § 52–572b (West 1993); Delaware, Del.Code.Ann. tit. 10, § 3924 (1993); Florida, Fla.Stat.Ann. § 771.01 (West 1993); Georgia, Ga.Code Ann. § 51–1–17 (1993); Indiana, In. Code Ann. § 34–4–4–1 (1993); Kansas, Kan.Stat. Ann. § 23–208 (1992); Maine, Me.Rev.Stat.Ann. tit. 19, § 167, (West 1993); Maryland, Md.Code Fam.Law Ann. § 3–103 (Michie 1993); Massachusetts, Mass.Gen.Laws Ann. ch. 207, § 478 (West 1993); Michigan, Mich.Comp.Laws Ann. § 600–2901 (West 1993); Minnesota, Minn.Stat. Ann. § 553.02 (West 1993); Montana, Mont. Code Ann. § 27–1–601 (1993); Nebraska, Neb. Rev.Stat. § 25–21,188 (1986); Nevada, Nev.Rev. Stat.Ann. § 41.380 (Michie 1993); New Hampshire, N.H.Rev.Stat.Ann. § 460:2 (1992); New Jersey, N.J.Rev.Stat. § 2A:23–1 (1993); New York, N.Y.Civ.Rights Law § 80–a (McKinney 1993); North Dakota, N.D.Cent.Code § 14–02–06 (Michie 1993); Ohio, Ohio Rev.Code Ann. § 2305.29 (Anderson 1993); Oklahoma, Okla. Stat. tit. 3, § 8.1 (1993); Oregon, Or.Rev.Stat. § 30.840 (1992); Pennsylvania, Pa.Stat.Ann. tit. 23, § 1901 (1993); Rhode Island, R.I.Gen.Laws § 9–1–42 (1993); Tennessee, Tenn.Code.Ann. § 36–3–701 (1993); Vermont, Vt.Stat.Ann. tit. 15, § 1001, (1992); Virginia, Va.Code Ann. § 8.01–220 (Michie 1993); Wisconsin, Wis.Stat. § 768.01 (1993); Wyoming; Wyo.Stat. § 1–23–101 (1993). Five states have abolished alienation of affections by judicial decision. *O'Neil v. Schuckardt,* 112 Idaho 472, 733 P.2d 693 (1986); *Fundermann v. Mickelson,* 304 N.W.2d 790 (Iowa 1981); *Russo v. Sutton,* 422 S.E.2d 750 (S.C. 1992); *Dupuis v. Hand,* 814 S.W.2d 340 (Tenn. 1991); *Wyman v. Wallace,* 94 Wash.2d 99, 615 P.2d 452 (1980).