Barbara VAN VOOREN,
Plaintiff/Respondent,

v.

Mona M. SCHWARZ,
Defendant/Appellant.

No. 66398.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 6, 1995.

David G. Waltrip, Melissa M. Zensen, Jones, Korum, Waltrip & Jones, Clayton, for appellant.

Respondent pro se.

SMITH, Presiding Judge.

Plaintiff, Barbara Van Vooren, sued defendant, Mona Schwarz, for criminal conversation and alienation of affections. Defendant failed to appear and the trial court entered a default judgment on each count assessing actual damages of $15,000 and punitive damages of $50,000 on each count. On defendant's motion the court set aside the judgment on the criminal conversation count but refused to set aside the judgment on the alienation of affections count. Defendant appeals from denial of the motion to set aside the judgment for alienation of affections. We affirm.

Defendant contends that the service of process was ineffective. The special process server's return of service certified that he delivered a copy of the summons and complaint to Mona M. Schwarz at St. Louis Lambert International Airport, in St. Louis County at 4:22 p.m., January 12, 1992. The return contains a notarized sworn statement by the process server. In her affidavit defendant contends "the process server threw a set of papers on the ground of the concourse

in the general vicinity of (defendant) and yelled 'you got it'. Defendant became extremely frightened and went the other way." In her second motion to set aside the default the defendant stated that a hearing had been held on her previous motion to set aside and that the process server had testified therein that he physically touched defendant with the summons and petition, that she drew back, the summons and petition fell to the ground, that the process server then picked up the papers and threw them at defendant and said 'you got it'. The record on appeal does not contain a transcript of the hearing referred to and nothing in the record other than defendant's second motion to set aside indicates that a hearing was held.

Prior to 1984, a sheriff's return of service was accepted as verity and considered conclusive. *Hoffman v. Quality Chrysler Plymouth Sales, Inc.,* 706 S.W.2d 576 (Mo.App. 1986) [2]. In 1984, Rule 54.22 was amended to provide that the "return of service shall be considered prima facie evidence of the facts recited therein" and may be impeached with a contrary showing of the facts of service. *Id.* at [3]. This amended rule is applicable to all process servers, not sheriffs and deputies exclusively. Clear and convincing evidence corroborating the denial of the party alleged to have been served is necessary to impeach the verity of the return. *Id.* at [4].

■ The process server's return here provides the time, place and manner of service and certifies that he delivered a copy of the summons and petition to defendant personally. A return of service provides *prima facie* evidence of the facts stated in the return. Rule 54.22. *Prima facie* evidence is evidence sufficient to sustain a judgment in favor of the fact which it supports, but may be contradicted by other evidence. *Black's Law Dictionary* 1071 (5th ed. 1979). A trial court, as a trier of fact, may disbelieve the affidavit of any party or witness. *Delf v. Cartwright,* 651 S.W.2d 622 (Mo.App.1983) [5]. The trial court was entitled to disbelieve the affidavit of defendant. The evidence presented by defendant, her affidavit, did not clearly and convincingly refute the return. The trial court did not err or abuse its discretion in denying the motion to set aside on the basis of improper service.

■ Defendant contends that the court erred in failing to set aside the default judgment because she had a meritorious defense based on an affidavit of Edward Van Vooren. That affidavit stated that his marriage to plaintiff "was irretrievably broken for many years prior to the filing of the Petition for Dissolution of Marriage" and the "purported actions on the part of Defendant were not the cause of the breakdown of the marriage." It is no defense to an alienation of affections action that the spouse of plaintiff had little or no affection for plaintiff at the time of the alleged wrongful acts. *Moranz v. Schiller,* 525 S.W.2d 785 (Mo.App.1975) [1, 2]. A third party has no right to interfere or cut-off any chance of affection springing up in the future. *Id.* The court did not err in failing to set aside the default because of a meritorious defense.

■ Defendant next suggests that we abolish the tort of alienation of affections for the same reasons utilized by the Supreme Court in *Thomas v. Siddiqui,* 869 S.W.2d 740 (Mo. banc 1994) in abolishing the tort of criminal conversation. The majority in that case specifically noted that the tort of alienation of affections remains as an avenue for a spouse to recover for injury. We are bound by the decisions and rulings of our Supreme Court. In *Gibson v. Frowein,* 400 S.W.2d 418 (Mo. banc 1966) the court recognized a cause of action for the intentional tort of alienation of affections. It is not our responsibility to judicially abolish this cause of action. *Miller v. Neill,* 867 S.W.2d 523 (Mo. App.1993) [21, 22].

■ Finally, defendant challenges the damages awarded as excessive. The amount of damages in a claims for alienation of affections is peculiarly within the province of the finder of fact. *Kraus v. Kraus,* 693 S.W.2d 869 (Mo.App.1985) [11–13]. We find no abuse of discretion.

Order denying motion to set aside default is affirmed.

PUDLOWSKI and WHITE, JJ., concur.