[No. 36379-4-I.    Division One.    September 3, 1996.]

CHRISTINE A. MADDEN, *Appellant*, v. KATHLEEN J. FOLEY, ET AL., *Respondents.*

*Norman W. Cohen* and *Cohen, Keith-Miller & Dingler, Inc., P.S.,* for appellant.

*Nancy Hawkins*; and *Patricia S. Novotny,* for respondents.

PER CURIAM — In 1994, Christine A. Madden com-

menced a lawsuit against three defendants, Kathleen J. Foley, Verna Overturf, and Janey Hamilton, alleging breach of contract and numerous torts. The trial court dismissed all but one of the claims against the defendants and ordered Madden, her attorney Norman Cohen, and the attorney's law firm, Cohen Keith-Miller & Dingler Inc. P.S.,[1] to pay Civil Rule (CR) 11 sanctions to the defendants in the amount of $2,000. On appeal a question is raised regarding whether the CR 11 sanctions were properly imposed.[2] We conclude the trial court did not abuse its discretion in ordering Norman Cohen and his law firm to pay $2,000 in CR 11 sanctions to the defendants where Cohen signed the complaint filed against the defendants as an agent of the law firm and the vast majority of claims against the defendants have no factual or legal basis. Accordingly, we affirm..

## FACTS

In March of 1991 Madden and Foley, who were then living together, decided to formalize their decision to share living quarters by signing a "Non-Marital Agreement." Among other things, the agreement decided who should get what in the event Madden and Foley ever broke up. Approximately three years later Foley terminated the agreement and Madden moved out of the residence they had shared since 1985.

In December of 1994 Madden sued Foley for breach of contract and engaging in tortious conduct. Madden alleged Foley breached the non-marital agreement they had signed by failing to pay her one half of the existing equity in the residence and by refusing to give her several items of personal property. Madden also sued Ms. Overturf and Ms. Hamilton for engaging in allegedly wrongful conduct

[1]The name of the law firm appears to have since changed.

[2]This court previously ruled that Madden abandoned all her appellate issues and that the only issue remaining on appeal concerns the propriety of the CR 11 sanctions imposed and the question of whether fees should be awarded.

that eventually caused Foley's affections to be alienated from Madden. The three defendants then moved for an order dismissing all claims against them under CR 12(b)(6) and awarding attorney fees and terms as CR 11 sanctions against Madden and her "counsel Norman W. Cohen and/or Cohen, Keith-Miller & Dingler, Inc., P.S. in the amount of $2,500." Madden filed a response opposing the motion to dismiss.

In January of 1995 the trial court entered an order dismissing all claims against Ms. Overturf and Ms. Hamilton and all but one of the causes of action against Foley. The court also awarded sanctions against Madden "and Norman W. Cohen and Cohen, Keith-Miller & Dingler, Inc., P.S." in the amount of $2,000. In the written order, the trial court explained its decision as follows:

> The plaintiff's action for return of personal property is factual & shall be determined on summary judgment calendar. The plaintiff's action for payment of house equity may be filed after 365 days from appraisal receipt. The court having determined that nearly all other causes of action against Foley and all causes of action against Overturf and Hamilton are grounded in alienation of affection, that such cause of action no longer exists in Washington, they are dismissed with prejudice. Other C/A against Foley are not sufficient.

A subsequent motion for reconsideration was denied. The court thereafter dismissed without prejudice Madden's remaining cause of action against defendant Foley. In the same order the court noted that "[d]efendants judgment against [Madden], her counsel and his firm remain due and owing." This appeal followed.

### DECISION

Cohen challenges the imposition of CR 11 sanctions against him and his law firm. Cohen argues the trial court orders imposing sanctions must be reversed because (1) the court failed to specifically identify the sanctionable conduct, (2) there was no CR 11 violation, (3) sanctions

were levied for attorney time not attributable to sanction-able conduct, and (4) sanctions were improperly imposed against Cohen's law firm.

█ Cohen first contends the trial court failed to state its reasons for imposing CR 11 sanctions. Cohen argues that without the benefit of such findings "[o]ne is left to guess what conduct of either the plaintiff or plaintiff's attorney precipitated the CR 11 sanctions."[3] "In imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order."[4]

CR 11 is concerned with two types of sanctionable filings: those that are not "well grounded in fact and . . . warranted by . . . law" [baseless filings] and those that are interposed for "any improper purpose."[5] While no specific findings were entered by the trial court regarding CR 11 violations, provisions of the January 4, 1995, order dismissing the complaint indicate the basis upon which the court imposed sanctions under the rule (baseless filing). There was no error.

█ Cohen next contends the court erred in concluding he violated CR 11. The determination of whether a violation of CR 11 has occurred is a matter within the sound discretion of the trial court.[6] Sanctions may properly be imposed under the rule "if three conditions are met: (1) the action is not well grounded in fact, (2) it is not warranted by existing law, and (3) the attorney signing the pleading has failed to conduct a reasonable inquiry into the factual or legal basis of the action."[7] Under the rule, an action lacks a factual or legal basis if it is both "base-

[3]Appellant's Brief at 7.

[4]*Biggs v. Vail*, 124 Wn. 2d 193, 201, 876 P.2d 448 (1994).

[5]*Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 217, 829 P.2d 1099 (1992).

[6]*Doe v. Spokane and Inland Empire Blood Bank*, 55 Wn. App. 106, 110, 780 P.2d 853 (1989).

[7]*Lockhart v. Greive*, 66 Wn. App. 735, 743-44, 834 P.2d 64 (1992).

less" and signed without reasonable inquiry.[8] A filing is, in turn, "baseless" if (a) not well grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law.[9] This court uses an objective standard to determine "whether a reasonable attorney in like circumstances could believe his or her actions to be factually and legally justified."[10]

Cohen argues that, because the complaint alleged a number of different theories of recovery including, but not limited to, alienation of affections, the complaint was not the proper subject of CR 11 sanctions. Cohen is wrong. Cohen violated CR 11 by failing to conduct a reasonable investigation into whether the complaint filed against defendants had a proper foundation in fact or law. A cursory review of the "non-marital agreement" would reveal that Madden's claim against Foley for her refusal to pay Madden one half of the existing equity in the residence they once shared was premature. In addition, Madden, although alleging the commission of numerous torts in her complaint, was in essence only seeking damages for the tort of alienation of affections. The complaint alleged that Foley and Madden "cohabited under the terms of the non-marital agreement which was founded upon mutual affection and love, similar to that presumably enjoyed between husband and wife," that there was wrongful interference with the relationship by third persons, and that Madden has been deprived of Foley's comfort, society, consortium and support as a result of that interference. These allegations amount to nothing more than a claim for alienation of affections.[11] However, that tort was

---

[8]*Bryant*, 119 Wn.2d at 219-20.

[9]*Hicks v. Edwards*, 75 Wn. App. 156, 163, 876 P.2d 953 (1994), *review denied*, 125 Wn.2d 1015 (1995).

[10]*Bryant*, 119 Wn.2d at 220.

[11]*See Lund v. Caple*, 100 Wn.2d 739, 745-47, 675 P.2d 226 (1984).

abolished as a viable cause of action in *Wyman v. Wallace*.[12]

Cohen's attempt to distinguish *Wyman v. Wallace* based solely upon the homosexual nature of the relationship between Madden and Foley is not persuasive. It is difficult to conceive of any reasonable argument that would allow alienation of affections to remain as a viable tort in homosexual relationships after it has been abolished in cases involving traditional marital relationships. A complaint is legally frivolous if it is not based on a plausible view of the law.[13] Accordingly, Cohen has not established the trial court abused its discretion in concluding that CR 11 violations had occurred.

Cohen next contends the trial court erred in imposing sanctions for any attorney fees incurred by defendants before filing and service of the lawsuit. Rather than citing appropriate authority or discussing the relevant facts of the case, Cohen argues that "[i]t takes literally no research to comprehend that CR 11 sanctions can't be imposed for attorney fees incurred prior to the allegedly offensive pleading."[14] However, Cohen has not made any effort to explain the significance of this blanket statement. While it is true that sanctions awarded under CR 11 should not exceed the amount expended by the non-offending party in responding to the sanctionable conduct,[15] Cohen does not explain why the $2,000 awarded to the defendants here necessarily exceeded the amount of fees actually spent in responding to the lawsuit filed against them. The law is well established that "[p]assing treatment of an is-

---

[12]94 Wn.2d 99, 615 P.2d 452 (1980); *see also Irwin v. Coluccio*, 32 Wn. App. 510, 515, 648 P.2d 458, *review denied*, 98 Wn.2d 1011 (1982) (court abolishes tort of criminal conversation).

[13]*Bryant v. Joseph Tree, Inc.*, 57 Wn. App. 107, 115, 791 P.2d 537 (1990), *affirmed*, 119 Wn.2d 210, 829 P.2d 1099 (1992).

[14]Appellant's Brief at 18.

[15]*MacDonald v. Korum Ford*, 80 Wn. App. 877, 892, 912 P.2d 1052 (1996); *Biggs*, 124 Wn.2d at 201 (when attorney fees are awarded under CR 11, the trial court "must limit those fees to the amounts reasonably expended in responding to the sanctionable filings").

sue or lack of reasoned argument is insufficient to merit judicial consideration."[16] Under the circumstances, it cannot be said the trial court abused its discretion in imposing sanctions in the amount of $2,000.[17]

■ Cohen contends the trial court improperly imposed sanctions against his law firm. A similar issue was presented in *Pavelic & LeFlore v. Marvel Entertainment Group*,[18] in which the United States Supreme Court held that sanctions for Federal Rule of Civil Procedure 11 violations are available only against the individual signing attorney and not against the attorney's law firm. While our courts often look to the federal courts for guidance in construing CR 11,[19] we are not bound by their interpretation of the federal rule.[20]

■ ■ CR 11 authorizes a court to impose sanctions against "the person who signed" a pleading, motion or other legal memorandum. We do not construe that phrase as prohibiting courts from imposing sanctions against the signer's law firm where, as here, the individual attorney who signed the pleading did so as an agent of the law firm. The policies underlying CR 11 are best served where the rule is interpreted broadly so a court can fashion a penalty that deters litigation abuses most efficiently and effectively.[21]

---

[16]*Palmer v. Jensen*, 81 Wn. App. 148, 153, 913 P.2d 413 (1996).

[17]*See In re Guardianship of Lasky*, 54 Wn. App. 841, 854, 776 P.2d 695 (1989) (appropriateness of sanction imposed is reviewed for an abuse of discretion).

[18]493 U.S. 120, 107 L. Ed. 2d 438, 110 S. Ct. 456 (1989); *Pavelic & LeFlore v. Marvel Entertainment Group, superseded by rule as stated in Prim v. Peatco Ltd., L.P.*, WL 447648 (S.D.N.Y., July 27, 1995).

[19]*Bryant*, 119 Wn.2d at 218; *Jones v. Halvorson-Berg*, 69 Wn. App. 117, 129, 847 P.2d 945, *review denied*, 122 Wn.2d 1019 (1993).

[20]*Jones*, 69 Wn. App. at 130.

[21]*Biggs v. Vail*, 124 Wn.2d at 198 (primary purpose of CR 11 is to deter litigation abuses); *Watson v. Maier*, 64 Wn. App. 889, 899, 827 P.2d 311, *review denied*, 120 Wn.2d 1015 (1992) ("major goal of CR 11 is to rid the courts of meritless litigation and thereby reduce the growing cost and attendant burden of civil litigation.")

The complaint in this case was signed by Cohen as follows:

COHEN, KEITH-MILLER & DINGLER, INC., P.S.

By /s/ Norman W. Cohen

NORMAN W. COHEN, WSBA #00373

Attorney for Plaintiff

The law firm's name was typed on the signature line of the complaint and above Cohen's own signature. Cohen signed the complaint on behalf of the law firm. Because Cohen signed the complaint in the name of the law firm, we will treat the complaint as having been signed by the law firm as well for purposes of imposing sanctions under CR 11.[22] Under the circumstances of this case, the trial court had authority to enter CR 11 sanctions against the law firm.

Finally, Cohen and the defendants both request an award of attorney fees on appeal. Given the issues raised in this case, each party should bear its own costs on appeal.

The decisions of the trial court are affirmed.

Reconsideration denied November 26, 1996.

---

[22]*See Jones*, 69 Wn. App. at 130 (court applied agency principles in determining who signed a pleading in violation of CR 11).