**Robert J. HELLMANN, Appellant,**

v.

**Kevin Martin WALSH, Respondent.**

**No. 72466.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 20, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 20, 1998.

Application for Transfer Denied
May 26, 1998.

Stephen G. Bell, Ronald J. Wuebbeling, St. Louis, for appellant.

Greg L. Roberts, Darin D. Inglish, Chesterfield, for respondent.

CRANDALL, Justice.

Plaintiff, Robert J. Hellmann, appeals from the judgment of the trial court dismissing his action for alienation of affections, intentional infliction of emotional distress and tortious interference with a contract. We reverse and remand.

Plaintiff filed a three count petition against defendant, Kevin Martin Walsh. Plaintiff alleged alienation of affections in the first count, intentional infliction of emotion distress in the second count and tortious interference with a contract in the third count. Defendant filed a motion to dismiss and an accompanying memorandum in support of the motion to dismiss.[1] Defendant argued that plaintiff's petition failed to state a claim because alienation of affections is not or should not be recognized as a viable cause of action in Missouri. Defendant also contended that if the trial court agreed with his argument regarding alienation of affections then the other two counts "must also fall." The trial court sustained defendant's motion to dismiss without stating a reason. This appeal followed.

■ Where as in the present case, the trial court does not set forth the reason for dismissal, we presume the court based its ruling on the grounds stated in the motion to dismiss. *Brandin v. Brandin,* 918 S.W.2d 835, 837 (Mo.App. E.D.1996). In reviewing dismissal of plaintiff's action, we treat the facts alleged as true and construe all allegations liberally and favorably to plaintiff. *Tillison v. Boyer,* 939 S.W.2d 471, 472 (Mo.App. E.D.1996). We will reverse the trial court's dismissal of plaintiff's action for failure to state a claim if, after viewing the pleading in its broadest intendment, the allegations invoke principles of substantive law which may entitle plaintiff to relief. *Id.*

■ The issue presented here is whether the tort of alienation of affections has been or should be abolished in Missouri. The Missouri Supreme Court has abolished the tort of criminal conversation. *Thomas v. Siddiqui,* 869 S.W.2d 740, 742 (Mo. banc 1994). However, the majority in *Thomas* specifically noted that the tort of alienation of

---

**1.** Defendant also filed, in the alternative, a mo-    tion for more definite statement.

affections remained an avenue for a plaintiff spouse to recover for injury. *Id.* at 741; *Van Vooren v. Schwarz,* 899 S.W.2d 594, 595 (Mo.App. E.D.1995). We are bound by the decisions of our Supreme Court. *Van Vooren,* 899 S.W.2d at 595. Furthermore, this court relying on *Thomas* has rejected the argument that the tort of alienation of affections should be abolished. *Id.* This court stated that it was "not our responsibility to judicially abolish this cause of action." *Id.* Accordingly, the trial court erred in dismissing the first count of plaintiff's petition.

Because defendant's contentions as to plaintiff's second and third counts were premised on the argument that the tort of alienation of affections should not be recognized and this argument fails, the trial court also erred in dismissing the second and third counts on that ground. Whether other grounds exist to dismiss these two counts is not before us. We decline to affirm a judgment on a ground that was not presented or supported by the motion to dismiss and that could have been presented to and considered by the trial court. *Property Exchange & Sales v. King,* 822 S.W.2d 572, 574 (Mo.App. 1992).

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

AHRENS, P.J., and KAROHL, J., concur.