[No. 39479-7-I.   Division One.   May 18, 1998.]

TERRY JOHNSON, ET AL., *Respondents*, v. JOHN MERMIS, *Defendant*, RICHARD LLEWELYN JONES, *Appellant*.

128

*Bart R. Anderson* of *Bart R. Anderson, P.S.*, for appellant.

*William K. McInerney, Jr.*, and *McInerney & Baker*, for respondents.

Baker, J. — Attorney Richard Llewelyn Jones appeals an order imposing sanctions for CR 11 and 37 violations arising out of his representation of John Mermis. Because Jones violated an order compelling discovery and engaged in multiple discovery abuses, we hold that the court properly imposed sanctions. We reject Jones's other assigned errors because they are either without merit or not properly before this court. Finally, we impose terms for Jones's frivolous appeal.

## FACTS

Terry Johnson sued John Mermis for replevin and damages arising out of the alleged sale of a Dodge Viper automobile. They had orally agreed that Mermis would purchase the vehicle for $55,000 cash. Mermis represented to Johnson that he needed possession of the Viper and the title to get the vehicle registered in Washington, and that he would later return with a check for $55,000. He neither paid nor returned the vehicle.

Johnson obtained a temporary restraining order enjoining Mermis from selling or damaging the Viper. Interrogatories and requests for production of documents were propounded to Mermis, and his deposition was noted. The day before the scheduled deposition, Jones (who represented Mermis) notified opposing counsel that the deposition needed to be rescheduled because Mermis was out of the country. At a discovery conference, the attorneys agreed to reschedule Mermis's deposition. Mermis then sent Jones a fax stating that he had been injured in England and could not attend the rescheduled deposition. Jones did not notify Johnson's attorney of Mermis's unavailability until he appeared at the rescheduled deposition.

Johnson moved to compel Mermis's deposition and to require him to produce certain documents. The court granted the motion, ordering Mermis to make himself immediately available for his deposition, produce documents at a time convenient for Johnson, disclose the Viper's loca-

tion, have the vehicle available for immediate inspection, and to not move it pending trial.

On behalf of his client, Jones then filed a third-party complaint against Johnson's attorney, his spouse and his law firm, alleging an abuse of process and violation of the Consumer Protection Act because Johnson had filed this suit in Washington while a similar suit against Mermis was pending in Oregon.[1]

At his deposition, Mermis refused to answer questions relating to his educational background, training, and licensing. He also refused to reveal the Viper's location, but stated generally that it was in transit from California and would be available for inspection. Jones specifically instructed Mermis not to answer numerous other questions, stating that they were irrelevant. When Mermis was queried about the third-party complaint, Jones objected to the question and spoke privately with Mermis outside. When the deposition resumed, Mermis responded that the basis of his third-party complaint was "abusive process."

Mermis produced almost none of the required documents at his deposition. He claimed that the documents were with his Oregon attorney. When he was requested to call and have the documents sent overnight for the deposition, he called, but did not request overnight service.

When the conduct of Mermis and his attorney, Jones, was brought to the attention of the trial court in connection with further discovery motions, the court found that Jones and Mermis violated the order compelling discovery by failing to produce documents at the deposition, by Jones instructing Mermis not to answer deposition questions and Mermis refusing to answer, and by Mermis refusing to provide information about the Viper's location, transport, and repair, and moving the vehicle. The court rejected excuses that the documents were in Oregon or at Mermis's Montana residence and found no reasonable explanation

---

[1]Johnson had dismissed his Oregon suit shortly after filing the Washington suit.

for instructing Mermis to not answer certain deposition questions.

The court enumerated further discovery abuses: (1) Jones improperly took Mermis out of the room when a deposition question was asked, but before Mermis had answered, (2) the interrogatories that were eventually produced were improperly answered, (3) the responses to requests for production were objected to without specificity, and (4) relevant documents were withheld. The court then dismissed the third-party complaint, finding that it had no legal basis, was filed in violation of CR 11, and had not been reviewed by Mermis before it was served and filed. She then appointed a Special Discovery Master to attend a second Mermis deposition and to review amendments to answers to interrogatories and responses to requests for production of documents. She reserved the issue of the amount of monetary sanctions for after trial.

After trial, the court entered a judgment in favor of Johnson. The judgment and order incorporated the prior discovery findings and conclusions. The court imposed $2,310 sanctions on Jones for violation of CR 11 and $2,000 for discovery violations under CR 37, payable jointly and severally by Jones and Mermis. The court denied Mermis's motion for reconsideration.

## DISCOVERY SANCTION

Jones contends that although he committed the discovery errors stated by the court, the errors did not rise to a level that warranted sanctions. We disagree.

A spirit of cooperation and forthrightness during the discovery process is mandatory for the efficient functioning of modern trials.[2] Rule 37 is the enforcement

---

[2]*Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 342, 858 P.2d 1054 (1993).

section for the discovery process.[3] It authorizes sanctions to be imposed on a party or its attorney for (1) failure to comply with a discovery order or (2) failure to respond to a discovery request or to appear for a deposition.[4] Sanctions are permitted for unjustified or unexplained resistance to discovery[5] and serve the purposes of deterring, punishing, compensating, and educating a party or its attorney for engaging in discovery abuses.[6] We apply an abuse of discretion test to review a trial court's decision to impose sanctions for discovery violations.[7] A court abuses its discretion when its decision is manifestly unreasonable or is based on untenable grounds.[8]

■ ■ There was no abuse of discretion. The trial court was correct to find that the interrogatories and requests for production of documents were improperly answered and contained boilerplate objections without specificity. "The rules are clear that a party must *fully* answer all interrogatories and all requests for production, unless a specific and clear objection is made."[9] If a party disagrees with the scope of production, or wishes not to respond, it must move for a protective order and cannot withhold discoverable materials.[10] A party's failure to comply with deposition or document production rules may not be

---

[3]*Pamelin Indus., Inc. v. Sheen-U.S.A., Inc.*, 95 Wn.2d 398, 401, 622 P.2d 1270 (1981).

[4]*Id*. at 401 (citing CR 37(a), (d)).

[5]*Fisons*, 122 Wn.2d at 342 (citing *Gammon v. Clark Equip. Co.*, 38 Wn. App. 274, 280, 686 P.2d 1102 (1984), *aff'd*, 104 Wn.2d 613 (1985)).

[6]*Id*. at 356.

[7]*Id*. at 338.

[8]*Id*. at 339.

[9]*Id*. at 353-54 (citing CR 33(a) ("Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.") and 34(b) ("The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated.")); *see also* CR 37(a)(3), (d) (evasive or misleading answers are treated as failures to answer).

[10]*See Fisons*, 122 Wn.2d at 354.

excused on grounds that the discovery sought is objectionable.[11]

Johnson requested production of W-2s and 1099s for one year. The response was a blanket: "Overly broad, privileged, ambiguous and irrelevant." This response does not satisfy the specificity requirements of the discovery rules because it does not indicate how one year's records are overly broad, how they are privileged, nor how the question is ambiguous. Next, to Johnson's request for standard banking records, the response was another boilerplate objection: "Overly broad, ambiguous, irrelevant, not calculated to lead to discoverable evidence, and more properly requested on supplemental examination." Mermis's other responses contained similar objections, and accordingly do not satisfy the requirements of the discovery rules.

We reject Jones's contention that he acted properly by instructing Mermis to not answer deposition questions based on claimed irrelevancy. A defendant or his counsel cannot unilaterally determine the relevancy of evidence during discovery[12] nor unilaterally limit the scope of the deposition.[13] Counsel must instruct witnesses to answer all questions directly and without evasion to the extent of their testimonial knowledge, unless properly instructed not to answer.[14] Also, evidence objected to in the deposition must be taken subject to the objection.[15] Because Jones did not assert a privilege nor seek an order to cease or limit the scope of Mermis's deposition, Jones's instructions not to answer questions were improper.

The court also properly found that Jones violated the rules when he privately conferred with Mermis between a

---

[11]CR 37(d).

[12]See *Fisons*, 122 Wn.2d at 354 n.89 (citing *Taylor v. Cessna Aircraft Co.*, 39 Wn. App. 828, 836, 696 P.2d 28, *review denied*, 103 Wn.2d 1040 (1985); *Gammon*, 38 Wn. App. at 281).

[13]CR 30(h)(3) (citing 26(c)); *Taylor*, 39 Wn. App. at 836 (defendant's remedy is not to withhold discoverable materials, but to seek a protective order).

[14]CR 30(h)(4).

[15]CR 30(c).

question and an answer during Mermis's deposition.[16] Such a private consultation is expressly prohibited except for the purpose of determining the existence of a privilege.[17]

The court ordered another deposition of Mermis and appointed a Special Discovery Master to supervise it. The court properly found that Jones's and Mermis's conduct was obstructionistic and sanctionable.

In summary, because Jones violated the court's discovery order and engaged in multiple discovery abuses, we hold that the court clearly did not abuse its discretion in imposing sanctions. The imposition of sanctions to curb discovery abuses is entirely appropriate.[18] Under the circumstances, we strongly endorse the court for doing so here.

## CR 11 SANCTIONS

A court's determination that counsel violated CR 11 is a matter within its sound discretion.[19] We review for an abuse of discretion a court's decision to impose CR 11 sanctions.[20] Rule 11 requires the signing attorney to certify that he or she has conducted a reasonable inquiry into the factual and legal basis of a complaint, and that it is well grounded in fact and "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law[.]"[21] Once a court determines that CR 11 has been violated, the imposition of sanctions is mandatory.[22]

Jones contends that filing the third-party complaint

---

[16]*See* CR 30(h)(5).

[17]*Id.*

[18]*See Fisons*, 122 Wn.2d at 342 (recognizing need for more aggressive judicial control to curb discovery abuses).

[19]*Madden v. Foley*, 83 Wn. App. 385, 389, 922 P.2d 1364 (1996).

[20]*Fisons*, 122 Wn.2d at 338.

[21]CR 11; *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 219-20, 829 P.2d 1099 (1992).

[22]*Fisons*, 122 Wn.2d at 354 (citing *Cascade Brigade v. Economic Dev. Bd.*, 61 Wn. App. 615, 619, 811 P.2d 697 (1991)).

against McInerney was not a CR 11 violation. He neither cites relevant authority nor makes any arguments on appeal. Instead, he argues that Johnson should have informed the court of the fact that a similar suit was pending in another state. He also accuses McInerney of forum shopping and improperly obtaining an expedited case schedule. However, Jones makes no effort to explain how these statements suffice to establish that the court erred in concluding that he violated CR 11 by filing a complaint with no legal basis. Thus, we decline to consider this issue. "The law is well established that '[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.' "[23]

## OTHER ASSIGNMENTS OF ERROR

None of Jones's other assignments of error have merit. First, we reject Jones's contention that the judgment for sanctions was unsupported by factual findings. The trial judge intended her oral decision to be the findings and conclusions on the sanctions issue and considered them as such when she specifically incorporated them in the final judgment and order following trial. The oral decision was comprehensive and detailed the court's reasons for concluding that sanctions were warranted.

Second, we reject Jones's contention that the court did not consider special factors mitigating against his discovery errors, namely his client's failure to produce, his client's unavailability, the expedited discovery schedule, and the early trial date. The court did consider these factors. In its order determining that sanctions were warranted, it listed the pleadings it reviewed. Those pleadings contained the same arguments that Jones now claims were not considered.

Third, we need not rule on the propriety of the court's

---

[23]*Madden*, 83 Wn. App. at 391-92 (quoting *Palmer v. Jensen*, 81 Wn. App. 148, 153, 913 P.2d 413, *remanded on other grounds*, 132 Wn.2d 193 (1997)); *see also Camer v. Seattle Post-Intelligencer*, 45 Wn. App. 29, 36, 723 P.2d 1195 (1986) ("Contentions unsupported by argument or citation of authority will not be considered on appeal."), *cert. denied*, 482 U.S. 916 (1987); RAP 10.3(a)(5).

denial of Jones's motion to withdraw as counsel for Mermis. Although Jones assigned error to the decision, he stated that he seeks no affirmative relief of this issue on appeal. His suggestion that the court denied his motion as an additional sanction is belied by the record. The order did not mention sanctions as one of the bases for denial.

■ Finally, we need not consider Jones's other assigned errors: (1) the court's denial of Mermis's motion to strike the trial date, (2) its dismissal of Mermis's third-party claims, and (3) its exclusion of one of Mermis's witness's testimony as a discovery sanction. "Only an aggrieved party may seek review by the appellate court."[24] An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected.[25] Because Jones was not a party in the action below and his rights were not affected by these rulings, he cannot seek review of these assigned errors.

## FRIVOLOUS APPEAL

■ McInerney seeks attorney fees and costs for a frivolous appeal, but does not cite RAP 18.9(a), the proper authority for recovery. Nevertheless, we can on our own initiative order terms for a frivolous appeal.[26] An appeal is frivolous if, considering the entire record, it has so little merit that there is no reasonable possibility of reversal and reasonable minds could not differ about the issues raised.[27]

Applying this standard, we hold that Jones's appeal is so devoid of merit that it is frivolous. Reasonable minds could not differ that sanctions were properly imposed. Jones engaged in multiple discovery abuses and violated the

---

[24]RAP 3.1.

[25]*In re Guardianship of Lasky*, 54 Wn. App. 841, 850, 776 P.2d 695 (1989).

[26]RCW 18.9(a); *Bill of Rights Legal Found. v. Evergreen State College*, 44 Wn. App. 690, 697, 723 P.2d 483 (1986).

[27]*Goad v. Hambridge*, 85 Wn. App. 98, 105, 931 P.2d 200, *review denied*, 132 Wn.2d 1010 (1997).

court's express order compelling discovery. Because there was no reasonable basis to argue that the trial court abused its discretion, we hold that the appeal is frivolous and impose sanctions in the amount of $500 payable to this court.

Affirmed.

KENNEDY, C.J., and AGID, J., concur.