**FILED**
**MARCH 26, 2013**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of: | ) | No. 29792-6-III |
| | ) | |
| ORVILLE MOE, | ) | |
| a Vulnerable Adult | ) | UNPUBLISHED OPINION |
| (Person to be Protected) | ) | |
| AARON D. GOFORTH – Attorney | ) | |
| Thru REED & GIESA, P.S. | ) | |

KULIK, J. — Terry-Lee,[1] pro se, filed a petition for protection of a vulnerable adult

(PPVA) on behalf of Orville Moe. Terry-Lee requested the PPVA to protect Mr. Moe

from the stress of litigation and from enforcement of a bench warrant issued in

*Washington Motorsports Limited Partnership v. Spokane Raceway Park, Inc.*, Spokane

County Superior Court Cause No. 03-2-06856-4 ("WML receivership case"). Spokane

County Superior Court denied the petition, concluding that Mr. Moe was not a vulnerable

adult. Terry-Lee appeals. We affirm the trial court's denial of the PPVA and grant

attorney fees on appeal to Aaron Goforth, Reed & Giesa, P.S.

---

[1] As requested by Terry-Lee, we refer to him by his given name, "Terry-Lee."
Clerk's Papers (CP) at 34.

FACTS

Terry-Lee and Mr. Moe have been occasional friends for 44 years. Mr. Moe is a party in the WML receivership case.[2] In 2010, Mr. Moe met with Terry-Lee and told him that he was in poor health due to stress caused by ongoing litigation. Mr. Moe explained to Terry-Lee that a bench warrant had been issued against Mr. Moe seven months earlier for failing to appear at a hearing in the WML receivership case.[3] Terry-Lee agreed to help Mr. Moe by investigating the bench warrant.

As part of his assistance to Mr. Moe, Terry-Lee filed a PPVA seeking to protect Mr. Moe from duress, harassment, and financial exploitation from Aaron Goforth, an attorney at Reed & Giesa, P.S. Mr. Goforth is counsel for Washington Motorsports Limited and is one of the attorneys for receiver in the WML receivership case.

In the PPVA, Terry-Lee alleged that Mr. Moe was a vulnerable adult because of "'Duress' and Harassment." Clerk's Papers (CP) at 1. He added this language to the proposed PPVA order instead of choosing any of the vulnerable adult criteria listed on court form. Elsewhere on the PPVA, Terry-Lee indicated that Mr. Moe was handicapped

---

[2] The WML receivership case is not the subject of this appeal. Our decision is limited to the court's denial of the PPVA.

[3] As part of the WML receivership case, Mr. Moe repeatedly defied a Spokane County Superior Court order to sit for a deposition and to produce documents. Consequently, the court issued a bench warrant for Mr. Moe's arrest.

2

and suffered from poor health. As evidence of Mr. Moe's health conditions, Terry-Lee submitted letters from Mr. Moe's doctors explaining Mr. Moe's heart condition. One doctor suggested that Mr. Moe should avoid the stress from the legal proceedings until a medical evaluation was completed.

As examples of specific incidents of duress, harassment, and financial exploitation, Terry-Lee alleged that Mr. Goforth, through Reed and Giesa, P.S., harassed Mr. Moe by using the legal process to take millions of dollars of cash and property and by demanding personal records belonging to Mr. Moe.[4] Terry-Lee maintained that the harassment was detrimental to Mr. Moe's health. For relief, Terry-Lee requested that law enforcement not arrest Mr. Moe, which would allow him to return home and visit his doctors.

Terry-Lee appeared in the Spokane County Superior Court ex parte department to present his petition. The judge presiding over the ex parte hearing was the same judge who issued the bench warrant and who was assigned to the WML receivership case. At the hearing, the court stated that it read the PPVA and did not think the petition met the statutory requirements for a vulnerable adult. Also, the court stated that it did not consider Mr. Moe a vulnerable adult because Mr. Moe recently filed paperwork with the

---

[4] Spokane County Superior Court repeatedly sanctioned Mr. Moe for refusing to comply with orders related to the WML receivership case. In his appeal, Terry-Lee maintains that the sanctions are a component of Mr. Goforth's financial exploitation.

3

court, indicating that he has some faculties, and the letters from Mr. Moe's doctors did not indicate that it was a danger for Mr. Moe to appear in court.

As for the bench warrant, the court stated that it repeatedly informed Mr. Moe's attorneys that if Mr. Moe would appear in court for depositions and answer interrogatories, it would recall the warrant. It stated that Mr. Moe refused to comply and that Mr. Moe's attorney admitted on the record that Mr. Moe was staying in Idaho to avoid being arrested.

Still, the court allowed Terry-Lee to argue the merits of his motion. Terry-Lee assigned error to Mr. Moe's attorney for not properly handling the bench warrant and for not properly representing Mr. Moe.

The court denied the PPVA motion, concluding that Mr. Moe was not a vulnerable adult. The court found that Mr. Moe was "looking to avoid a bench warrant issued by the court for failing to appear [and] trying to bypass the civil bench warrant process." CP at 37.

Terry-Lee appeals the trial court's denial of the PPVA.

ANALYSIS

*PPVA Petition.* We review a superior court's decision to grant or deny a protection order for an abuse of discretion. *Hecker v. Cortinas*, 110 Wn. App. 865, 869,

43 P.3d 50 (2002). An abuse of discretion occurs if the trial court's decision is manifestly unreasonable or based on untenable grounds. *In re Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

In a PPVA, "[a] vulnerable adult, or interested person on behalf of the vulnerable adult, may seek relief from abandonment, abuse, financial exploitation, or neglect, or the threat thereof, by filing a petition for an order for protection in superior court." RCW 74.34.110(1).

The petition shall allege that the identified person is a vulnerable adult and that the person has been abandoned, abused, financially exploited, or neglected by the respondent or threatened with such conduct by the respondent. RCW 74.34.110(2).

The petition shall be accompanied by a sworn affidavit stating the specific facts and circumstances that demonstrate the need for the relief sought. RCW 74.34.110(3). The petition must also include a statement of why the petitioner qualifies as an interested person, if applicable. *Id.*

A "vulnerable adult" includes a person:

5

(a) Sixty years of age or older who has the functional, mental, or physical inability to care for himself or herself; or

(b) Found incapacitated under chapter 11.88 RCW; or

(c) Who has a developmental disability as defined under RCW 71A.10.020; or

(d) Admitted to any facility; or

(e) Receiving services from home health, hospice, or home care agencies licensed or required to be licensed under chapter 70.127 RCW; or

(f) Receiving services from an individual provider.

Former RCW 74.34.020(16) (2010).

An "individual provider" is a person under contract with the Department of Social and Health Services (DSHS) to provide services in the home. RCW 74.34.020(9).

An "'[i]nterested person' means a person who demonstrates to the court's satisfaction that the person is interested in the welfare of the vulnerable adult, that the person has a good faith belief that the court's intervention is necessary, and that the vulnerable adult is unable, due to incapacity, undue influence, or duress at the time the petition is filed, to protect his or her own interests." RCW 74.34.020(10).

"'Financial exploitation' means the illegal or improper use of the property, income, resources, or trust funds of the vulnerable adult by any person for any person's profit or advantage other than the vulnerable adult's profit or advantage." Former RCW 74.34.020(6).

Here, the superior court did not abuse its discretion by denying the PPVA. The PPVA submitted to the court does not set forth facts to establish that Mr. Moe is a vulnerable adult in need of protection.

First, the PPVA does not indicate that Mr. Moe qualifies as a vulnerable adult. Terry-Lee was required to check a box on the PPVA to indicate the category of vulnerable adult that describes Mr. Moe, as reflected in former RCW 74.34.020(16). Terry-Lee failed to list any of the statutory items on the PPVA. Instead, Terry-Lee created his own categories—duress and harassment. Duress and harassment do not meet the statutory definition of a vulnerable adult under former RCW 74.34.020(16).

Admittedly, Terry-Lee asserts elsewhere that Mr. Moe is a vulnerable adult because he is handicapped and suffers from poor health. However, the affidavits from Mr. Moe's doctors do not establish that Mr. Moe's health conditions meet the criteria for a vulnerable adult. Mr. Moe's doctors do not conclude that Mr. Moe is handicapped. Nor do Mr. Moe's doctors conclude that Mr. Moe lacks the functional, mental, or physical ability to care for himself, that he is incapacitated, or that he needs protection. There is no evidence that Mr. Moe receives services from DSHS.

7

Instead, the doctors explain that Mr. Moe suffers from a heart condition. A heart condition alone would not qualify Mr. Moe as a vulnerable adult. Thus, Terry-Lee does not provide useful affidavits to support his assertion that Mr. Moe is a vulnerable adult because of his health conditions. Terry-Lee fails to allege that Mr. Moe qualifies as a vulnerable adult according to the definition provided in former RCW 74.34.020(16).

Second, Terry-Lee fails to establish that Mr. Goforth's legal actions constitute the financial exploitation of Mr. Moe. Terry-Lee does not provide facts to establish that Mr. Goforth used illegal or improper means to appropriate the property of Mr. Moe. Mr. Goforth properly used the legal process on behalf of Washington Motorsports to address its dispute with Mr. Moe.

Third, Terry-Lee fails to establish how the PPVA would provide the relief he requests. The PPVA would not protect Mr. Moe from the bench warrant for several reasons. The bench warrant was the result of a legal proceeding that Mr. Moe cannot avoid through a PPVA. Also, a protection order against Mr. Goforth will do nothing to stop the bench warrant from being executed. Mr. Goforth is simply the attorney for WML and cannot order his client or the court to quash the bench warrant. Finally, the relief from the bench warrant is no longer needed because the warrant has subsequently been quashed.

The superior court did not abuse its discretion by denying the PPVA. In the PPVA, Terry-Lee failed to present facts to establish that Mr. Moe is a vulnerable adult who has suffered financial exploitation by Mr. Goforth.

*Attorney Fees on Appeal.* Mr. Goforth requests attorney fees under RAP 18.9(a). He contends that Terry-Lee's appeal is frivolous.

Under RAP 18.9(a), on the motion of a party, the appellate court may order a party who files a frivolous appeal to pay terms or compensatory damages to any other party that has been harmed. "An appeal is frivolous if, considering the entire record, it has so little merit that there is no reasonable possibility of reversal and reasonable minds could not differ about the issues raised." *Johnson v. Mermis*, 91 Wn. App. 127, 137, 955 P.2d 826 (1998).

We find Terry-Lee's appeal frivolous. His contention that the court should have granted the PPVA is without merit. Terry-Lee requested a PPVA for Mr. Moe, but failed to allege that Mr. Moe met the statutory definition of a vulnerable adult. Also, Terry-Lee sought relief that could not be granted through the PPVA. Terry-Lee cannot use a PPVA to remove sanctions imposed on Mr. Moe in a different proceeding. We award attorney fees to Mr. Goforth.

No. 29792-6-III
*In re Moe*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:


_____          _____
Brown, J.                          Korsmo, C.J.