FILED
COURT OF APPEALS
DIVISION II

2013 JUL 16 AM 8: 45

STATE OF WASHINGTON

BY_____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

|  |  |  |
|---|---|---|
| ROBERT ROSS, | Respondent, | No. 42906-3-II |
| v. | | |
| TONI HAMILTON, | Appellant. | UNPUBLISHED OPINION |

TOLLEFSON, J.P.T.[1] — This case comes before us for the second time. In an earlier appeal from a property distribution order entered in the dissolution of Robert Ross and Toni Hamilton's committed intimate relationship, we reversed a $17,500 judgment to Ross. *Ross v. Hamilton*, noted at 161 Wn. App. 1005, 2011 WL 1376767, at *9. Following our mandate, Ross moved for disbursal to him of the balance of the remaining funds held in the clerk's registry, and the trial court granted his motion on December 12, 2011. Hamilton appeals that order, claiming that the trial court failed to recognize (1) her interest in the $17,500 judgment held in the clerk's registry and (2) her interest, yet to be determined, in Ross's retirement account. Because the $17,500 judgment to Ross was part of the funds held in the clerk's registry and we reversed that judgment, we hold that the trial court erred when it ordered disbursal of all funds in the clerk's registry to Ross's attorney. Accordingly, we reverse the trial court's December 12 order insofar

---

[1] Judge Brian M. Tollefson is serving as judge pro tempore of the Washington State Court of Appeals, Division II, under CAR 21(c).

No. 42906-3-II

as it required the clerk to release the $17,500 judgment to Ross, and we remand for further proceedings consistent with this opinion.

FACTS

Robert Ross and Toni Hamilton were in a committed intimate relationship from 1990 to 2005, during which time they lived together and had a joint bank account. *Ross v. Hamilton*, 2011 WL 1376767, at *6-7. Hamilton purchased various parcels of real property in her name, but both parties contributed labor and funds to the renovation and upkeep of those properties. *Ross v. Hamilton*, 2011 WL 1376767, at *1-2.

Ross and Hamilton separated in 2005 and a subsequent trial resolved the division of their assets. *Ross v. Hamilton*, 2011 WL 1376767, at *3. In February 2009, the trial court ordered that the proceeds from the sale of real property located on Island View Lane in Cathlamet, Washington, totaling $357,767.67, be deposited with and held by the trial court clerk. Ross received $30,000.00 of those funds in May 2009 by order of the court.

In October 2009, the trial court concluded that the couple had shared a 15-year committed intimate relationship and awarded Ross 50 percent of the proceeds from the sale of the Island View property, certain interests in two other properties, 50 percent of his 401(k) account, and a $17,500 judgment. *Ross v. Hamilton*, 2011 WL 1376767, at *3. The $17,500 judgment represented one-half of a $35,000 cash payment made on the Island View property. *Ross v. Hamilton*, 2011 WL 1376767, at *3. Finally, the trial court ordered that the funds held by the court clerk be released to Ross's attorney. The funds held in the clerk's registry included the $17,500 judgment.

Hamilton appealed, arguing, inter alia, that the trial court erred when it awarded Ross the $17,500 judgment as one-half of the $35,000 cash payment on the Island View property. *Ross v.*

2

*Hamilton*, 2011 WL 1376767, at *1. In an unpublished opinion filed on April 12, 2011, we reversed the trial court's decision awarding Ross the $17,500 judgment. *Ross v. Hamilton*, 2011 WL 1376767, at *9. We held that the trial court erred in awarding this judgment because although the trial court stated that the purpose of the judgment was to reimburse Ross for one-half of a cash payment made on the Island View property, Ross received 50 percent of the proceeds from the sale of that property in the trial court's order; thus, the additional $17,500 judgment constituted a double reimbursement of those funds. *Ross v. Hamilton*, 2011 WL 1376767, at *9. Accordingly, we vacated the $17,500 award and remanded for proceedings consistent with our opinion. *Ross v. Hamilton*, 2011 WL 1376767, at *9-10.

After Hamilton's unsuccessful petition to the Washington State Supreme Court for review, we issued our mandate requiring further proceedings in accordance with our opinion. In October 2011, Ross moved the trial court under RAP 8.6 and RAP 12.5 for an order releasing all funds held by the court clerk. Hamilton objected to Ross's motion to release the funds.

She contended that Ross's motion to release all funds held by the trial court clerk failed to account for the expenditures Hamilton made to maintain some of the real property since trial. She also claimed an interest in a portion of Ross's retirement account and an interest in multiple pieces of real and personal property at issue in the dissolution of their committed intimate relationship. Finally, she argued that she should receive the $17,500 awarded to Ross as a judgment. She claimed that she should receive the funds from the trial court clerk before they were distributed to Ross because the $17,500 had been deducted from her share of the property distribution. Hamilton asked the court to order "a division of the proceeds which properly allocates to each party their respective interest" in the funds. Clerk's Papers at 31.

3

At the November 7, 2011, argument on the motion to release funds, the parties and the trial court discussed the proper valuation of Hamilton's interest in Ross's 401(k), and the trial court ordered the parties to provide additional information about the status of the account. Regarding the other issues Hamilton raised, the trial court concluded that they should have been addressed in the previous proceedings.

Ross later filed a declaration explaining the status of the 401(k) and suggested that because the division of Ross's retirement funds remained unsettled, the trial court might require that some funds remain in the registry to protect Hamilton's claimed 50 percent interest in the account. Ross estimated that $120,000 would be more than sufficient to protect Hamilton's interest.

On December 12, 2011, the trial court granted Ross's motion to release funds and ordered the court clerk to release all remaining funds to Ross's trial counsel. Hamilton appealed that order. She also filed a notice of cash supersedeas with the trial court that included a $25,000 bond as well as the funds previously deposited with the clerk.

Ross moved the trial court for an order limiting the application of the stay pending appeal, rejecting Hamilton's motion for supersedeas bond, and for CR 11 sanctions. The trial court issued an order limiting application of the stay and rejecting Hamilton's proposed supersedeas arrangements. The trial court ordered the clerk to disburse all funds held by the court except the $25,000 bond and an additional $137,000.

Hamilton filed an amended notice of appeal seeking review of the trial court's December 13 order requiring the trial court clerk to release some of the funds to Ross's attorney. We considered this amended notice of appeal as a motion objecting to the trial court's supersedeas decision under RAP 8.1(h) and denied Hamilton's request for relief from the December 13 order,

No. 42906-3-II

thus refusing her amended notice of appeal. Ruling on Mot. to Object to a Supersedeas Decision of the Trial Ct., *Ross v. Hamilton*, No. 42906-3-II (Wash. Ct. App. Feb. 14, 2012). Hamilton appeals the trial court's December 12, 2011, order granting Ross's motion to release all funds from the clerk's registry.

ANALYSIS

I.    STANDARD OF REVIEW

"Superior courts must strictly comply with directives from an appellate court which leave no discretion to the lower court." *State v. Schwab*, 134 Wn. App. 635, 645, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.3d 1151 (2008). By contrast, where we issue a mandate that merely requires the trial court to "consider" certain issues, we review the trial court's conduct on remand for an abuse of discretion. *Harp v. Am. Surety Co. of N.Y.*, 50 Wn.2d 365, 368-69, 311 P.2d 988 (1957). Here, our opinion resolving the first appeal unambiguously vacated the $17,500 judgment to Ross; accordingly, we review de novo the issue of whether the trial court complied with our mandate.

II.    THE TRIAL COURT ERRED WHEN IT DISBURSED ALL FUNDS TO ROSS

Hamilton argues that the trial court erred when it ordered the release of all remaining funds held by the trial court clerk because we vacated the $17,500 judgment to Ross that was part of those funds. We agree that the trial court erred when it ordered disbursal of the funds.

The record shows that Hamilton deposited $17,500 in the clerk's registry pursuant to the trial court's order awarding a $17,500 judgment to Ross. We reversed this order, holding that the $17,500 judgment constituted a double reimbursement of Ross's $35,000 cash payment on the Island View property when the trial court had already awarded him 50 percent of the proceeds from the sale of that property. *Ross v. Hamilton*, 2011 WL 1376767, at *9.

5

Accordingly, we reverse the trial court's December 12 order insofar as it required the clerk to release the $17,500 judgment to Ross, and remand for further proceedings consistent with this opinion.[2]

## III.  ATTORNEY FEES

Ross argues that Hamilton's appeal is frivolous and requests attorney fees under RAP 18.1 and RCW 4.84.185 for defending against a frivolous appeal. "An appeal is frivolous if, considering the entire record, it has so little merit that there is no reasonable possibility of reversal and reasonable minds could not differ about the issues raised." *Johnson v. Jones*, 91 Wn. App. 127, 137, 955 P.2d 826 (1998). Because we hold that the trial court erroneously ordered all funds to be released from the clerk's registry, we hold that Hamilton's appeal was not frivolous and deny Ross's request for fees.

We reverse the trial court's December 12 order to the extent that it released the $17,500 judgment to Ross contrary to our decision reversing that judgment and remand for further

---

[2] Hamilton also argues that the trial court erred when it ordered the release of all funds in the registry because it had yet to calculate her interest in those funds for various offsets, including her interest in Ross's retirement account. But the record does not show what, if any, resolution the trial court has made of Hamilton's additional claims to those funds and there is no evidence that the trial court has failed to comply with our ruling in Hamilton's original appeal other than its failure to comply with our reversal of the $17,500 judgment to Ross. Accordingly, we decline to address Hamilton's claim further.

No. 42906-3-II

proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

TOLLEFSON, J.P.T.

We concur:

JOHANSON, J.

WORSWICK, C.J.

7