IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CARY and CATHLEEN SCHENCK, Husband and wife, | ) ) ) | No. 31749-8-III |
| Appellants, | ) ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| DOUGLAS COUNTY, a subdivision of the State of Washington, | ) ) ) | |
| Respondent. | ) ) | |

BROWN, A.C.J. — In 1999, Cary and Cathleen Schenck purchased property in Douglas County on the Columbia River shoreline to build a home. In that same year, they applied for and received a permit from Douglas County (County) to install a dock. Between 2000 and 2005, the Schencks installed a new dock, boat lift, and concrete wall and fence. In 2012, Douglas County issued a Notice of Land Use Violations and Order to Comply (NOV) for construction of the above items without a permit or exemption. The Schencks appealed the NOV and a public hearing was held before the Douglas County Hearing Examiner. The hearing examiner affirmed the NOV and the Schencks filed a Land Use Petition Act (LUPA) petition seeking judicial review. The trial court dismissed the LUPA petition. The Schencks appeal, contending the proceeding was

barred by the statute of limitations, the hearing examiner misallocated the burden of proof, and the hearing examiner's decision that the Schencks were not exempt from the permit requirements was an erroneous interpretation of the law and not supported by substantial evidence. We reject the Schencks' contentions, and affirm.

## FACTS

In 1999, the Schencks purchased property along the Columbia River in Douglas County. Wanting to install a dock and boat lift, the Schencks contacted the County to inquire about the procedure. On October 4, 1999, they submitted a dock permit application to the County. The proposed dock would have two steel/concrete pilings and be tied to the shore by a proposed concrete pad. The value of the project was $7,000.

At the same time, the Schencks hired a consultant team to help them submit a Joint Aquatic Resource Permits Application (JARPA) form. This form is a general form used to apply for permits from the United States Army Corps of Engineers (Corps), the Washington Department of Ecology (DOE), and the Washington Department of Fish & Wildlife (DFW). The front page is stamped as received on October 4, 1999 by Douglas County Department of Transportation and Land Services (TLS). The JARPA describes the proposed dock as a "ramp and floating wood dock finished with TREX decking." Clerk's Papers (CP) at 423. The JARPA also states the dock will be secured in the water with two steel pilings sleeved with 8-foot white PVC. The dock would be secured with a concrete pad attachment block. The Schencks did not include information about

2

a boat lift. A transmittal letter from DFW to the Schencks warned that the Schencks were responsible to see that "all provisions within this HPA permit are strictly followed at all times." CP at 435.

In late 1999, Douglas County determined the Schencks' proposed dock was exempt from the Shoreline Management Act (SMA) permit requirement under WAC 173-27-040 (2)(h)(ii), which exempts permit requirements for private, freshwater docks costing less than $10,000. Douglas County then issued a building permit for the dock and ramp system. Soon after, the DFW issued a Hydraulic Project Approval (HPA).

In February 2000, the Schencks began installing their dock. They soon learned, however, that the cost of the dock had gone up and was over the $10,000 maximum for the exemption. They claim they contacted Bob Steele with the DFW and he advised they change to an EZ Dock system, which is cheaper. The Schencks then installed an EZ Dock. Ms. Schenk claims she called the County to inspect the new dock, but Joe Williams, a county senior planner, said that since an EZ Dock was installed (rather than built) and since Mr. Steele approved the changes, there was nothing to inspect. Mr. Williams denies this conversation. The Schencks did not obtain county inspections and the building permit expired. The Schencks did not obtain an SMA substantial development permit or exemption for the new dock from the County, a new HPA from DFW, or a federal permit from the Corps.

In May 2000, the Schencks installed a boat lift. They again claim the County told them a permit was not required. Again, Mr. Williams denies this.

3

The Corps wrote directly to the Schencks on November 24, 2000, to inform the Schencks their permit application was stale, incomplete and had been cancelled. This correspondence included the statement, "Do not proceed with the work until you have received a permit from the Corps." CP at 521.

Between 2003 and 2005, the Schencks constructed a concrete wall with an attached fence. The Schencks built the wall and fence themselves for a total cost, including their own labor of approximately $1,000. The wall and fence are approximately 40 feet long and between 2 and 3 feet high. And, by the Schencks' estimate, it is 27 feet from the river's ordinary high water mark (OHWM), sometimes referred to in the record as the ordinary high water level (OHWL). No permit was obtained for constructing the wall and fence.[1]

On July 3, 2012, the County issued a NOV relating to unauthorized Columbia River shoreline development by the Schencks. The Schencks appealed to the County hearing examiner. The hearing examiner affirmed the NOV after entering findings of fact and conclusions of law. The Schencks filed a LUPA petition in superior court, challenging the hearing examiner's decision. The court affirmed the hearing examiner and dismissed the petition. The Schencks appealed to this court.

---

[1] Other structures were also installed or brought in, including a jet ski dock, concrete pad with bench, and sand, but they are not the subject of this appeal.

4

ANALYSIS

A. Statute of Limitations

Preliminarily, the Schencks contend the County's NOV was barred by the statute of limitations. They argue the NOV is essentially a civil penalty and a misdemeanor that carry a two-year statute of limitations and a one-year statute of limitations, respectively. This case, however, does not involve civil penalties or criminal liability as contemplated by the time limitations of RCW 4.16.100(2) (two-year statute of limitations to pursue civil penalties) and RCW 9A.04.080(1)(j) (one-year statute of limitations for misdemeanors); rather, this case involves the validity of a NOV issued by the County. And, the Schencks do not point to a statute of limitations applicable to the issuing of an NOV. Accordingly, these proceedings are not barred by the statute of limitations.

B. Burden of Proof

The issue is whether the hearing examiner applied an incorrect burden of proof thereby justifying relief under LUPA. The Schencks argue the examiner wrongly placed the burden on them to demonstrate the improvements complied with the SMA.

Douglas County Code 2.13.070(A)(3), grants the hearing examiner authority to review appeals, "alleging an error in a decision" in the "enforcement of violations of the zoning code or any other development regulation." The error must be alleged by the appellant, in this case, the Schencks.

Further, under the SMA, the proponent seeking a development permit has the burden of proving the policies and regulations of the SMA have been met. RCW

5

90.58.140(7). The statute also places the burden of proof on any party challenging the granting or denial of a permit. Similarly, the proponent of development has the burden of proving the development is exempt from permitting. WAC 173-27-040(1)(c).

Compare *Post v. City of Tacoma*, 167 Wn.2d 300, 217 P.3d 1179 (2009), where the city had the burden of proof before the hearing examiner. There, however, the issue was $500,000 in infraction penalties administratively imposed by the city under its building code. The penalties were imposed without any opportunity for administrative challenge or review, and were struck down by the Supreme Court as violating due process. Here, the Schencks exercised their right to administratively challenge the NOV and no infractions were issued or penalties imposed. The Schencks will be subject to enforcement after their failure to comply with the NOV. Thus, the *Post* case is distinguishable on its procedure and facts.

The Schencks cite WAC 461-08-500(3), providing, "Persons requesting review pursuant to RCW 90.58.180(1) and (2) shall have the burden of proof in the matter. The issuing agency shall have the initial burden of proof in cases involving penalties or regulatory orders." This section, however, applies to proceedings before the SHB, which reviews cases de novo. And, the term "agency" used in WAC 461-08-305(1) is defined as "any state governmental entity." A county falls within the defined term "local government." WAC 461-08-305(7). Therefore, the burden of proof provision in WAC 461-08-500(3) is not applicable to proceedings before a county hearing examiner.

Accordingly, under RCW 90.58.140(7) and WAC 173-27-040(1)(c), the burden of

proof is on the Schencks to demonstrate they did not develop within the shoreline, or

they obtained all necessary permits, exemption determinations, and other approvals.

### C. Exemptions

The issue is whether the hearing examiner erred in concluding the Schencks

failed to meet their burden in challenging the NOV. Specifically, the Schencks contend

the dock, boat lift, and concrete wall and fence did not violate any codes or statutes.

LUPA governs judicial review of Washington land use decisions. *HJS Dev., Inc.*

*v. Pierce County ex rel. Dep't of Planning & Land Servs.*, 148 Wn.2d 451, 467, 61 P.3d

1141 (2003). Relief from a land use decision may be granted if the petitioner carries its

burden in establishing one of six standards of relief:

> (a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;
> (b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;
> (c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;
> (d) The land use decision is a clearly erroneous application of the law to the facts;
> (e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or
> (f) The land use decision violates the constitutional rights of the party seeking relief.

RCW 36.70C.130(1). Standards (a), (b), (e) and (f) present questions of law we review

de novo, but under (b) we defer to the hearing examiner's construction of local land use regulations based on his or her specialized knowledge and expertise. *Cingular Wireless, LLC v. Thurston County*, 131 Wn. App. 756, 768, 129 P.3d 300 (2006). Standard (c) involves factual determinations this court reviews for supporting substantial evidence. *Id.* We consider all of the evidence and reasonable inferences in the light most favorable to the party who prevailed in the highest forum that exercised fact-finding authority. *Id.*

"'When reviewing a superior court's decision on a land use petition, the appellate court stands in the shoes of the superior court.'" *HJS Dev.*, 148 Wn.2d at 468 (quoting *Citizens to Preserve Pioneer Park LLC v. City of Mercer Island*, 106 Wn. App. 461, 470, 24 P.3d 1079 (2001)). "'An appellate court reviews administrative decisions on the record of the administrative tribunal, not of the superior court.'" *HJS Dev.*, 148 Wn.2d at 468 (quoting *King County v. Boundary Review Bd.*, 122 Wn.2d 648, 672, 860 P.2d 1024 (1993)).

The Schencks argue the land use decision was an erroneous interpretation of the law and not supported by substantial evidence (RCW 36.70C.130(1)(b) and (c)). They point to the dock, boat lift, and concrete wall.

First, regarding the dock, in 1999, the Schencks obtained an exemption to install a dock. The exemption, however, stated, "Any changes should *be reviewed* by this department to ensure continued compliance with goals, policies and requirements of the shoreline management act and master program, and that the exemption is still valid.

8

The applicant is responsible for obtaining and complying with all federal, state and local permits required." CP at 495. Further, the DFW warned the Schencks they were responsible to see that "all provisions within this HPA permit are strictly followed at all times." CP at 435. Paragraph 6 of the HPA sets forth the specifics of the dock including the size, ramp, pilings, and anchors. Additionally, *"Any modifications to this project or future work within, below or over the OHWL will require a separate HPA from the Washington Department of Fish and Wildlife."* CP at 369. Further still, the Corps application acknowledgement stated, "Since a Department of the Army permit is necessary for this work, do not commence construction before the permit has been issued." CP at 524.

The Schencks installed a different dock and related structures than the one proposed during the application process. The new dock did not conform to the exemption issued by the County and the HPA issued by the DFW. The Schencks knew they had not obtained a required federal permit from the Corps. While the Schencks allege the County and DFW had full knowledge of their changed plans and the County allegedly gave oral approval, the County denied this and the hearing officer decided credibility for the County. We consider all of the evidence and reasonable inferences in the light most favorable to the party who prevailed in the highest forum that exercised fact-finding authority. *Cingular Wireless*, 131 Wn. App. at 768.

Given all, we conclude substantial evidence supports the County's NOV. The Schencks have failed to meet their burden of proof under RCW 36.70C.130(1)(b) and (c). The hearing examiner did not err.

Second, the Schencks argue the boat lift did not warrant an NOV because they were orally told a permit was not necessary. Again, the County refutes this. Mr. Williams, a county senior planner, denies this and states that it has never been the policy to orally grant exemptions. Again, the hearing officer found credibility for the County.

Under the WAC's shoreline permit and enforcement procedures, local entities are required "to establish a program, consistent with rules adopted by the department of ecology, for the administration and enforcement of the permit system for shoreline management." WAC 173-27-020. But, under WAC 173-27-040 several exemptions exist to the permit requirement. The exemption is granted after application. No application exists for the boat lift. Indeed, Mr. Williams declared that boat lifts required a permit or an exemption determination in 1999-2001 and "[i]f a lift was to be added as part of pending dock construction, the dock exemption/permit plans on file with the County would need to be revised." CP at 492. They were not. Accordingly, substantial evidence supports the County's NOV.

Third, the Schencks argue the concrete retaining wall and fence were exempt from the SMA because it was landward and the cost was minimal. The SMA requires developers to obtain a substantial development permit before building a structure.

10

RCW 90.58.140(2). However, an exemption may be allowed under WAC 173-27-040(2)(g) for "[c]onstruction on shorelands by an owner . . . of a single-family residence for their own use or for the use of their family" or under former RCW 90.58.030(3)(e) (1996), which exempts any development of which the total cost or fair market value is below "two thousand five hundred dollars." Former RCW 90.58.030(3)(e) (1996). The County concedes the wall and fence were landward of the OHWM. Resp't Br. at 45, n.14. However, exemptions under the SMA are not self-executing. WAC 173-27-040(1)(a). WAC 173-27-040(2) does not eliminate the requirement to apply for and obtain an exemption from the County.

The Schencks would need to establish that the wall and fence cost less than $2,500 and was a "normal appurtenance" to a single-family residence. *See* WAC 173-27-040(2)(g) ("'Single-family residence' . . . [includes] structures . . . which are a normal appurtenance.") Because the Schencks did not apply for any exemption under the SMA, the County was denied an opportunity to review their plans, determine whether "fair market value" and/or "normal appurtenance" was a basis for issuing an exemption, or to provide for shoreline mitigation required by the development. As stated in the NOV, the Schencks will be required to submit the appropriate paperwork for a permit or exemption. Accordingly, the NOV was justified.

Given all, the Schencks have failed to meet their burden of proof under RCW 36.70C.130(1)(b) and (c). The hearing examiner did not err in concluding likewise. And, the trial court correctly dismissed the Schencks' LUPA petition.

11

### D. Attorney Fees

The County argues the Schencks' appeal is frivolous and requests attorney fees under RAP 18.1 and RCW 4.84.185 for defending against a frivolous appeal. "An appeal is frivolous if, considering the entire record, it has so little merit that there is no reasonable possibility of reversal and reasonable minds could not differ about the issues raised." *Johnson v. Mermis*, 91 Wn. App. 127, 137, 955 P.2d 826 (1998). While the Schencks have not established a basis to reverse the hearing examiner's decision, we cannot say their issues are so meritless that reasonable minds could not differ. Thus, the County's request is denied.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, A.C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

12