# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JACOB CUZDEY, individually, and CUZDEY MANUFACTURING TECHNOLOGIES, LLC, a Washington limited liability company, and CUZDEY ENTERPRISES, INC., a Washington corporation, | No. 52080-0-II |
| Appellant, | |
| v. | |
| DARRYL DRUZIANICH and JANE DOE DRUZIANICH, a married couple, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Jacob Cuzdey appeals the trial court's dismissal of his case because of discovery violations. The trial court ruled that Cuzdey continually failed to produce documents that were particularly important to the case.

Cuzdey argues that the trial court erred because his failure to produce the documents was not willful or deliberate and because the opposing party was not prejudiced. Cuzdey also seeks attorney fees.

We affirm.

## FACTS

In January 2017, Cuzdey[1] sued Darryl and Jane Doe Druzianich (collectively Druzianich). Cuzdey alleged that he had been wrongfully excluded from property he rented from Druzianich. He further alleged that Druzianich sold his machinery and tools, which were located on the property and valued at approximately $160,000. Cuzdey also alleged that he lost approximately $9 million in business opportunities. Druzianich denied the allegations, and the parties began discovery.

In March, Druzianich sent Cuzdey the first set of interrogatories and requests for production (RFPs). Approximately two months later, Cuzdey responded. As relevant, one RFP sought Cuzdey's tax returns from 2011 to 2017. Cuzdey responded that "[i]nformation regarding tax returns, including income tax returns, W-2 and/or 1099 forms, is privileged under federal and state law." Clerk's Papers (CP) at 128. Cuzdey made a similar objection in response to Druzianich's interrogatory asking Cuzdey to "[i]dentify all financial accounts, including . . . deposit accounts, savings accounts, [and] certificates of deposit." CP at 107. Cuzdey responded to many of Druzianich's other requests by stating either that he was attempting to obtain documents or had made progress and would "produce all requested documents when [the remaining] documents [were] located." CP at 127.

In July, Druzianich sent Cuzdey a letter asking him to supplement his responses to the first set of interrogatories and RFPs, and stating his position that many of Cuzdey's objections were not valid.

---

[1] Businesses owned by Cuzdey, Cuzdey Manufacturing Technologies, LLC and Cuzdey Enterprises, Inc., also sued; however, the court dismissed those claims prior to it dismissing Cuzdey's personal claims for discovery violations.

On September 6, Druzianich wrote Cuzdey another letter stating that he had "not supplemented his discovery responses in any meaningful fashion." CP at 144. The letter further stated that if Druzianich did not receive the supplemented responses within three weeks, he would file a motion to compel.

On September 28, Cuzdey responded via e-mail, stating that he had been unable to locate many responsive records and would produce them when they became available. The e-mail did not attach or otherwise produce any documents. Later that same day, Druzianich filed a motion to compel.

In October, Cuzdey produced his personal 1040 tax returns from 2013, 2014, and 2015. No signature appeared on the 2015 tax return.

Cuzdey's first counsel then withdrew and new counsel appeared. In late October, Druzianich served Cuzdey with a subpoena duces tecum to appear for a deposition. Cuzdey failed to appear for it.

On November 1, Cuzdey's counsel came to an agreement with Druzianich where Cuzdey would compensate Druzianich with $1,000 in exchange for cancelling the hearing on the motion compel.

In January 2018, Cuzdey sent Druzianich supplemental answers and responses to the first set of interrogatories and RFPs. Cuzdey did not provide additional tax returns but stated that he had requested the documents from the Internal Revenue Service but had not yet received them. Soon thereafter, Druzianich filed a second motion to compel.[2]

---

[2] The record is unclear regarding the disposition of this second motion to compel.

In February, Druzianich deposed Cuzdey. In his deposition, Cuzdey admitted that numerous documents he had produced had not been responsive to Druzianich's RFPs. Regarding his financial accounts, Cuzdey stated that the relevant documents were in his possession. Druzianich requested that Cuzdey immediately produce the documents. When asked why he had not produced those documents, Cuzdey stated that his withholding was based on his first lawyer's recommendation.

In early March, Druzianich sent a letter to Cuzdey demanding complete responses to the outstanding discovery requests no later than March 22. Druzianich stated that if Cuzdey did not comply, he would file a third motion to compel and would request dismissal as the appropriate remedy for the discovery violations.

On March 23, Cuzdey's and Druzianich's attorneys conferred. Druzianich stated that if he did not receive a "substantial majority" of the outstanding documents in five days, then he would file the motion. CP at 538.

In April, Druzianich filed a motion to dismiss because of discovery violations or, in the alternative, his third motion to compel.

On April 27, the court held a hearing on Druzianich's motion. It denied Druzianich's motion to dismiss but entered an order to compel. The court ordered that "[d]iscovery must be completely provided in the next two weeks, based on requests previously made." Report of Proceedings (Apr. 27, 2018) at 10. The court also warned that if Cuzdey did not comply with its order, dismissal might be warranted.

On May 14, Cuzdey provided supplemental answers to Druzianich's interrogatories and RFPs. Regarding his financial information, Cuzdey ambiguously identified his financial accounts. Regarding Druzianich's RFP that Cuzdey produce all tax returns, Cuzdey stated that he had requested documents from his accountant, but his accountant informed him that he "no longer ha[d] the lap top that the documents were saved on." CP at 592.

On May 18, Cuzdey's counsel withdrew and third counsel appeared.

On May 21, Druzianich filed another motion for dismissal based on Cuzdey's discovery violations. Druzianich argued that Cuzdey failed to comply with the court's April 27 order and that Cuzdey's May 14 response contained none of the financial information corroborating his lost business opportunity claim.

The court held a hearing on Druzianich's motion. At the conclusion of the parties' arguments, the court considered whether lesser sanctions sufficed and decided they did not. The court then granted Druzianich's motion and dismissed the case. The court's order stated that dismissal was appropriate because the discovery Cuzdey failed to produce was "particularly material," namely "financial documents substantiating the significant economic damages alleged by [Cuzdey]." CP at 628. Cuzdey appeals.

## ANALYSIS

Cuzdey argues that the trial court erred in dismissing his lawsuit because his failure to produce the documents was not willful or deliberate and because Druzianich was not prejudiced. We disagree.

CR 37 allows the trial court to impose sanctions against a party who fails to comply with a discovery order. CR 37(b)(2) provides that the trial court "may make such orders in regard to the failure as are just." The rule provides a nonexhaustive list of possible sanctions, which includes

"dismissing the action or proceedings or any part thereof." CR 37(b)(2)(C). The trial court generally should impose the least severe sanction that will adequately serve the purposes of sanctions, which are to compensate the harmed party, deter, punish, and educate the wrongdoer, and ensure that the wrongdoer does not profit from the wrong. *Barton v. Dep't of Transp.*, 178 Wn.2d 193, 215, 308 P.3d 597 (2013).

If a trial court imposes one of the harsher remedies under CR 37(b), the record must clearly show that one party willfully or deliberately violated the discovery rules and orders, the opposing party suffered substantial prejudice in its ability to prepare for trial, and the trial court explicitly considered whether a lesser sanction would have sufficed. *Magaña v. Hyundai Motor Am.*, 167 Wn.2d 570, 584, 220 P.3d 191 (2009).

We review a trial court's sanction order for discovery violations for an abuse of discretion. *Barton*, 178 Wn.2d at 214. The trial court has wide latitude in fashioning the appropriate sanction for discovery abuse. *Barton*, 178 Wn.2d at 215. "A trial court exercises broad discretion in imposing discovery sanctions under . . . [CR] 37(b), and its determination will not be disturbed absent a clear abuse of discretion." *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). A finding of abuse of discretion requires a clear showing that the trial court was manifestly unreasonable in exercising its discretion or exercised its discretion on untenable grounds or for untenable reasons. *Barton*, 178 Wn.2d at 215.

We conclude that the trial court did not abuse its discretion in dismissing Cuzdey's case for discovery violations. Cuzdey failed to produce important discovery related to his claim. He provided various, ever-changing objections and explanations justifying his failure, which resulted in Druzianich filing three motions to compel.

First, the record shows that Cuzdey willfully or deliberately violated discovery rules and the court's orders. *See Associated Mortg. Inv'rs v. G.P. Kent Constr. Co.*, 15 Wn. App. 223, 229, 548 P.2d 558 (1976) ("[T]he unexplained failure to furnish complete and meaningful answers to . . . material interrogatories in the face of the court's order impels a conclusion that the refusal was willful."). For example, Cuzdey made numerous different objections to producing the material, yet at no point moved for a protective order. *See Johnson v. Mermis*, 91 Wn. App. 127, 133, 955 P.2d 826 (1998) ("If a party disagrees with the scope of production, or wishes not to respond, it must move for a protective order and cannot withhold discoverable materials.").

Second, the record shows that Druzianich was substantially prejudiced in his ability to prepare for trial. Cuzdey's complaint alleged that he lost approximately $9 million in business opportunity. Thus, documents related to his and his businesses' income were particularly relevant to substantiate his claim and to provide Druzianich a basis to evaluate his potential defenses and potential exposure. However, throughout the entire course of discovery, aside from tax returns from 2013, 2014, and 2015, one of which was unsigned, Cuzdey did not produce any documents by which Druzianich could substantiate or assess the loss.

Finally, before dismissing Cuzdey's case, the trial court not only considered, but also utilized, a lesser sanction. The court rejected Druzianich's first motion for dismissal and ordered that Cuzdey complete discovery within two weeks. The court warned that if Cuzdey did not comply with the order, it would potentially dismiss his case. Only after Cuzdey's continued failure to produce the records did the court dismiss his case. In so ruling, the court discussed on the record why a lesser sanction was not warranted.

Based on all of the above and the record as a whole, we conclude that the trial court did not abuse its discretion.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, C.J.

Glasgow, J.

---

[3] Because he does not prevail, we also reject Cuzdey's argument seeking attorney fees.